STATE v. JOSEPH SAMUEL MILLER AND LATTA SMITH.

(Filed 9 November, 1960.)

**Criminal Law § 107—**

Where defendants are not charged with conspiracy, an instruction to the effect that if the State had satisfied the jury beyond a reasonable doubt that the defendants, or either of them, committed the offense, it would be the duty of the jury to return a verdict of guilty against the defendants, must be held for prejudicial error.

APPEAL by defendant Smith from *Hooks, Special Judge,* April Criminal Term, 1960, of WAKE.

This is a criminal action, tried upon a bill of indictment charging that the defendant Joseph Samuel Miller and Latta Smith did feloniously break and enter a building of Armour & Company (a corporation) with intent to steal, and further charging the aforesaid defendants with the larceny of $1,540.20 in checks and money of Armour & Company.

Both defendants pleaded not guilty. A verdict of guilty as charged was returned by the jury.

From the judgments pronounced on the verdict, Miller did not appeal; Smith did appeal and assigns error.

*Attorney General Bruton, Asst. Attorney General H. Horton Rountree for the State.*

*Herman L. Taylor for defendant, appellant.*

PER CURIAM. The appellant's first assignment of error is to the refusal of the court below to grant his motion for judgment as of nonsuit made at the close of the State's evidence and renewed after the defendants rested without offering any evidence.

The State's evidence is sufficient, in our opinion, to take the case to the jury. Therefore, this assignment of error is overruled.

However, the State confesses error in that the defendants not having been charged with a conspiracy to commit the offenses charged in the bill of indictment, nevertheless the court below charged the jury on the first count in the bill of indictment as follows: "So I charge you, gentlemen of the jury, that if the State has satisfied you by the evidence in this case, and beyond a reasonable doubt, the burden being upon the State to so satisfy you that the defendants, or either of them or both of them, entered the building and storehouse of Armour & Company and entered such building and storehouse with the felonious intent to take, steal and carry

away goods and chattels of Armour & Company, of the value in excess of $100.00, it would be your duty to return a verdict upon the first count of guilty against the defendants in this case."

The above instruction is erroneous in that the jury was instructed to bring in a verdict of guilty as to both defendants if the State had satisfied the jury by the evidence and beyond a reasonable doubt that either one of the defendants entered the storehouse of Armour & Company with the intent to steal and carry away the goods and chattels of Armour & Company of the value in excess of $100.00.

This same error also appears in the charge on the larceny count.

The appellant is entitled to a new trial, and it is so ordered.

New trial.