STATE v. WILLARD EUGENE HARVELL AND JOHN FRANKLIN COBLE.

(Filed 13 December, 1961.)

**Criminal Law § 106—**

> An instruction to the effect that if the jury should find beyond a reasonable doubt from the evidence that one of defendants was guilty of acts constituting the crime, that the jury should convict him and also the other defendants, is prejudicial as to such other defendants.

APPEAL by defendants from *Gambill, J.,* at March 27, 1961, Term of GUILFORD-GREENSBORO Division.

Criminal prosecution upon three separate bills of indictment charging each defendant, Willard Eugene Harvell and John Franklin Coble, and a non-appealing defendant, Riggie William Gibson, with robbery with firearms.

Pleas: By each, Not Guilty.

And the record of defendants' statement of case on appeal indicates that the State's witness Gray had made the acquaintance of the three defendants, all young men, in a cafe on Elm Street in Greensboro, and that at the suggestion of Gray, the four of them proceeded to another cafe across the street and drank beer and played the juke box on money supplied by Gray. The four proceeded from the cafe in Gray's automobile to a small store on U. S. Highway 220 south of Greensboro, where Gibson, the non-appealing defendant, apparently either robbed or attempted to rob a grocery store. And the record shows there is some evidence that the two appealing defendants were either accessories or accomplices. (As to this there is no charge). Gibson and Gray had gone into the store. They emerged therefrom on the run to the automobile where Harvell and Coble were waiting. The four of them left in an automobile — Gray driving. He drove to a dirt road where a change of drivers took place, — Harvell taking the wheel. What else took place at this juncture was disputed. Gray testified that Gibson knocked him down and the other two defendants took his money — Coble using a knife. The defendants denied this, contending that at the most Gibson knocked or pushed Gray down calling him a vile name, and that he immediately helped him up.

The four persons then continued a drive over a route concerning which the testimony differs. At any rate, they stopped at one point at a cafe on a highway and all four partook of refreshments, Harvell a coca cola, and the others beer. After this they drove to a shopping center. There Harvell, Coble and Gibson parted company with Gray.

All three defendants were convicted of common law robbery, and sentenced. Willard Eugene Harvell and John Franklin Coble appealed therefrom to Supreme Court and assign error.

*Attorney General Bruton, Assistant Attorney General G. Andrew Jones for the State.*

*E. L. Alston, Jr. for defendants appellants.*

WINBORNE, C. J. The defendant appellants challenge, and the Court holds properly so, as prejudicial to them that portion of the charge to which Exception No. 11 is directed and on which Assignment 10 is based. There the court charged as follows:

"(M) 'that as to Riggie William Gibson, if you are satisfied from the evidence and beyond a reasonable doubt, the burden being on the State to so satisfy you that he, Riggie William Gibson, on the first day of March, 1961, robbed Louis Gray, the robbery being as defined to you by the court, that is he took money off of him or goods off of him, or that he was present and that he took them against his will and by force and by the use of a dangerous weapon off the person of Louis Gray, if you are satisfied of that from the evidence and beyond a reasonable doubt, it would be your duty to return a verdict of guilty as charged in the bill of indictment as to the defendant Riggie William Gibson, and likewise as to each of the other defendants.' (N) As shown by Exception No. 11."

The gravamen of the complaint of the appealing defendants as to this assignment is that the court said in effect that if the jury should find that Riggie William Gibson did certain acts, then it should find him guilty as charged in the bill of indictment and should find "likewise as to each of the other defendants." The point is well taken.

New trial.