STATE OF NORTH CAROLINA v. LONNIE PARRISH

No. 823

(Filed 21 January 1969)

**1. Burglary and Unlawful Breakings § 6; Larceny § 8— necessity for instruction as to abandoned property**

In a prosecution for breaking and entering and larceny, refusal of the trial court to give special instructions requested by defendant with respect to abandoned property is not error where there was no evidence which would justify such instructions.

**2. Constitutional Law § 31; Criminal Law §§ 76, 95— joint trials — exclusion of confession implicating codefendant**

Under the decision of *Bruton v. United States*, 391 U.S. 123, which is to be applied retroactively, the admission in a joint trial of a nontestifying

defendant's confession implicating a codefendant violates the codefendant's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment and made obligatory on the states by the Fourteenth Amendment.

**3. Criminal Law §§ 76, 92— joint trials — exclusion of confession implicating codefendant**

In joint trials of defendants it is necessary to exclude extrajudicial confessions unless all portions which implicate defendants other than the declarant can be deleted without prejudice either to the State or the declarant; failing this, the State must choose between relinquishing the confession or trying defendants separately.

**4. Criminal Law § 146— review in Supreme Court of decision by Court of Appeals**

The Supreme Court reviews the decision of the Court of Appeals for errors of law allegedly committed by it and properly brought forward for review. G.S. 7A-31.

**5. Criminal Law §§ 146, 174— review of constitutional questions**

The Supreme Court will not ordinarily pass upon a constitutional question unless it affirmatively appears that such question was timely raised and passed upon in the trial court if it could have been, or that it was passed upon in the Court of Appeals if the question arose after the trial.

**6. Criminal Law § 113— joint trial — instructions permitting guilty verdict as to all defendants if one defendant committed offense**

In a joint trial of two defendants for the same offense, a charge susceptible to the construction that should the jury find beyond a reasonable doubt that either defendant committed the offense charged it should convict both defendants *is held* to constitute reversible error.

**7. Criminal Law § 168— instructions correct at one point, incorrect at another — new trial**

Where the court charges correctly at one point and incorrectly at another, a new trial is necessary because the jury may have acted upon the incorrect part, particularly when the incorrect portion of the charge is the application of the law to the facts.

**8. Criminal Law § 168— ambiguity in the charge**

A new trial must result when ambiguity in the charge affords an opportunity for the jury to act upon a permissible but incorrect interpretation.

**9. Criminal Law §§ 113, 123— joint trials — issues submitted**

Where the evidence against each of several defendants is not identical, the trial court should submit the question of the guilt or innocence of each separately.

ON Certiorari to the Court of Appeals to review its decision reported in 2 N.C. App. 587, 163 S.E. 2d 523.

At the January 1968 Criminal Session of Alamance Superior

Court defendant Lonnie Parrish and one Jimmy Harris were jointly charged in Case No. 40 with breaking and entering a dwelling house, the property of E. L. Mansfield, on October 18, 1967, and larceny therefrom of various articles of his personal property valued at $1323. In Case No. 41 they were charged with breaking and entering a dwelling house, the property of Frances Talalah, on October 19, 1967, and larceny therefrom of various articles of her personal property valued at $57. When the evidence disclosed that the personal property stolen from the E. L. Mansfield house did not belong to him, as alleged in the bill of indictment, but was the property of his son Lonnie Gray Mansfield, the trial judge quashed the larceny count in Case No. 40. The cases were consolidated and the trial proceeded on the remaining three counts.

The State's evidence tended to show the facts narrated below. In October 1967 Lonnie Gray Mansfield was renting a certain dwelling house from his father, E. L. Mansfield, and had stored therein a Homelite chain saw, a Craftsman skill saw, two sleeping bags, a scuba diving suit, a waterpump, a grease gun, air tanks for scuba diving, a spear gun, diving lights and a dresser drawer — all of which were missing after the house was broken into on or about 18 October 1967. He later recovered the dresser drawer, an antenna, and the diving lights from defendant Parrish when he accompanied the officers to the Parrish house. There he identified these and other items as his personal property. He also recovered his Homelite chain saw which he found in the possession of one William Flinn and purchased from Flinn for $35. Flinn had bought it from a man named Alex Baker who had purchased it from Wayne Moorefield, who, in turn, had purchased the saw from defendant Lonnie Parrish for $30 cash.

Officers David Wilson and S. D. George, Deputy Sheriffs of Alamance County, testified that Jimmy Harris, after being warned of his constitutional rights, stated during interrogation that he, in the company of Lonnie Parrish and Jerry Hill, broke into the E. L. Mansfield house on the morning of 18 October 1967, carried various items of personal property out the front door and loaded them into Lonnie Parrish's motor vehicle, including a deep well pump, a diving suit, hunting outfit, a chain saw, swim fins, electric wire, copper wire, two sleeping bags and fishing rods and reels; that he later took part of the property to his house and the remainder of it to Parrish's house and put it in a small house back of the Parrish home; that on the same day between 6 and 7 p.m. the three of them broke into the Frances Talalah house near the Mansfield house and took a T.V.

stand, a dresser, a nightstand and a T.V.; that the T.V. was left in the yard of the Talalah house and the remainder of this property was taken to the Parrish home and left in Parrish's station wagon.

A day of two after his conversation with Harris, Officer Wilson saw some of the missing property at Lonnie Parrish's home, including the dresser and the nightstand and other property from the Talalah home. He also found a well pump in Parrish's station wagon and a diving light and a dresser drawer in Parrish's home, all of which Parrish stated came from the Mansfield home.

At the time of the break-in Mrs. Frances Talalah and her family were in the process of moving into a trailer and, while she and her husband were away from home, her house was broken into and all the children's clothing, a maple dresser, a Silvertone television, a black television stand and an antique nightstand were taken. The Silvertone T.V. was found in the yard. About a month later she saw some of the missing articles when the officers brought the dresser and the television stand to her for identification.

The only evidence offered by defendant Parrish was the testimony of his sixteen-year-old nephew Jerry Hill. He testified that he and Jimmy Harris had been invited to the Mansfield house for a party by three girls and two or three boys, one of whom stated that the house was owned by his uncle; that one of the boys swapped the skin diving equipment and two sleeping bags to Harris for his rifle; that sometime later Harris asked Parrish to drive him to the Mansfield house to pick up this equipment; that from the Mansfield house the three of them went to the Talalah residence where some boys told them that the Talalahs had moved out a week or two previously and that the back door was open. Upon this evidence from Jerry Hill, defendants contended the articles of property allegedly stolen by them had been abandoned by the owners and requested special instructions as noted in the opinion with respect to abandoned property.

Neither defendant Parrish nor Jimmy Harris took the witness stand.

In Case No. 40 the jury convicted both defendants of breaking and entering the Mansfield house. In Case No. 41 defendants were found guilty on both counts. Prison sentences were imposed in each case. Jimmy Harris did not appeal, and the sentences imposed upon him do not appear of record. Defendant Lonnie Parrish appealed to the Court of Appeals which upheld his conviction and sentences. 2 N.C. App. 587, 163 S.E. 2d 523. We allowed certioiari.

*T. W. Bruton, Attorney General; Harry W. McGalliard, Deputy Attorney General, for the State.*

*James E. Long, Attorney for defendant appellant.*

HUSKINS, J.

**[1]** Defendant Parrish contends that the Talalah and Mansfield houses had been vacated and left open and the items of personal property located in them abandoned. He requested numerous special instructions with respect to abandoned property and assigns as error the court's refusal to give them. We have reviewed the evidence and the requested instructions. There is no merit in defendant's position. The Court of Appeals correctly held that there was no evidence which would justify or require instructions with respect to abandoned property.

Defendant filed a supplemental brief in this Court asserting, for the first time, that his constitutional rights were violated in that the trial court, in a joint trial where the confessor did not take the stand, admitted in evidence the extrajudicial confession of Jimmy Harris implicating this defendant in the crimes for which they were both on trial. He asserts this violated his constitutional right "to be confronted with the witnesses against him" as guaranteed by the Sixth Amendment to the Federal Constitution.

Defendant's position was unsound at the time this case was tried below. At that time (January 1968) it was not error to admit the extrajudicial confession of one defendant, even though it implicated a codefendant against whom it was inadmissible, provided the trial judge instructed the jury to consider the confession only against the defendant who made it. *State v. Lynch,* 266 N.C. 584, 146 S.E. 2d 677; *State v. Bennett,* 237 N.C. 749, 76 S.E. 2d 42. The federal rule likewise sanctioned the admission of the confession of one defendant in a joint trial if the court instructed the jury to consider it only against the confessor. *Delli Paoli v. United States,* 352 U.S. 232, 1 L. Ed. 2d 278, 77 S. Ct. 294 (1957).

**[2]** Since the trial of this case, however, the United States Supreme Court in *Bruton v. United States,* 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (May 20, 1968), overruled *Delli Paoli* and held that in a joint trial the admission of the confession of one defendant, who did not take the stand, implicating the other violated the codefendant's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment. The decision in *Bruton* is retroactive, *Roberts v. Russell,* 392 U.S. 293, 20 L. Ed. 2d 1100, 88 S.

Ct. 1921 (1968); and the right of confrontation is obligatory on the states by the Fourteenth Amendment to the Federal Constitution. *Pointer v. Texas,* 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065 (1965).

[3]  The rule now applicable in North Carolina is summarized by Sharp, J., with her usual clarity, in *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492 (October 9, 1968), as follows: "The result is that in joint trials of defendants it is necessary to exclude extrajudicial confessions unless all portions which implicate defendants other than the declarant can be deleted without prejudice either to the State or the declarant. If such deletion is not possible, the State must choose between relinquishing the confession or trying the defendants separately. The foregoing pronouncement presupposes (1) that the confession is inadmissible as to the codefendant (see *State v. Bryant, supra* [250 N.C. 113, 108 S.E. 2d 128]), and (2) that the declarant will not take the stand. If the declarant can be cross-examined, a codefendant has been accorded his right to confrontation." See *State v. Kerley,* 246 N.C. 157, 97 S.E. 2d 876.

[4, 5]  *Fox* would control decision here had the question been raised in the court below and passed on in the Court of Appeals. This was not done. The Supreme Court reviews the decision of the Court of Appeals for errors of law allegedly committed by it and properly brought forward for review. G.S. 7A-31. It will not ordinarily pass upon a constitutional question unless it affirmatively appears that such question was timely raised and passed upon in the trial court if it could have been, or in the Court of Appeals, if, as here, the question arose after the trial. *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376. Even so, we have discussed the question since *Fox* will control admissibility of the Harris confession at the next trial.

Although not brought forward for review in compliance with our rules, the Court considers it appropriate to take cognizance of the following excerpts from the charge, which was defendant's Assignment of Error No. 9 in the Court of Appeals:

". . . and that the defendants *or either of them* intentionally broke and entered the said dwelling house with the intent to commit the felony of larceny as I have heretofore defined that term to you, then it would be your duty to return a verdict of guilty as charged in the first count in this bill of indictment *against both or either* of these two defendants.

If you do not find from the evidence and beyond a reasonable doubt it will be your duty to return a verdict of Not Guilty *against either or both* of the defendants; or, upon the whole evi-

dence in the case there remains in your mind a reasonable doubt as to *both or either one* of these defendants' guilt, it would be your duty to give *either him or them* the benefit of that reasonable doubt and to *acquit him or them,* on the first count in the bill of indictment as to breaking and entering of the Talalah home."

"So, you are instructed if you find from the evidence and beyond a reasonable doubt that on or about the 19th day of October, 1967, in this county, the defendant Lonnie Parrish and the defendant Jimmy Robert Harris or *either of these two defendants* without the consent of Frances Talalah took and carried away the personal property of Frances Talalah or any part thereof named in the bill of indictment, and that *either one or both* of these defendants took and carried it away with the felonious intent permanently to deprive Frances Talalah of the use thereof and to convert it to defendants' or either of the defendants' own use or the use of some other person not entitled thereto, it will be your duty to return a verdict of guilty as to *either or both* of these defendants on this charge of larceny. If you are not so satisfied from the evidence and all of the evidence beyond a reasonable doubt it will be your duty to return a verdict of Not Guilty *as to either or both of these defendants;* or, if upon a fair consideration of all the facts and circumstances in the case you have a reasonable doubt *as to both the defendants' guilt or the guilt of either of them,* it will be your duty to return a verdict of Not Guilty *as to either or both of the two defendants.*"

". . . if the State has satisfied you from the evidence and beyond a reasonable doubt that on or about the 18th day of October, 1967, the Defendants Lonnie Parrish and Jimmy Robert Harris *or either of them* broke or entered the dwelling house of E. L. Mansfield and further satisfied you from the evidence and beyond a reasonable doubt that valuable securities or personal property of E. L. Mansfield or other persons was contained in said dwelling house, and that the defendants or *either one of them* intentionally broke and entered these premises with the intent to commit the felony of larceny as I have heretofore defined that term to you, then it will be your duty to return a verdict of guilty as charged in the second bill of indictment against *both or either one of these defendants* on the charge of breaking and entering the dwelling house of E. L. Mansfield. If you do not so find from the evidence and beyond a reason-

able doubt, it would be your duty to return a verdict of Not Guilty; or, if upon the whole of the evidence in the case there remains in your minds *a reasonable doubt as to both or either one* of the defendant's guilt, either one of them, *it will be your duty to give him or them the benefit of that reasonable doubt and acquit him or them* on the first count in this bill of indictment charging breaking or entering the premises of E. L. Mansfield." (Italics ours.)

[6]   The trial judge no doubt intended the foregoing charge to mean that a verdict of guilty should be returned only against the defendant concerning whose guilt the jury had no reasonable doubt and that the jury should not convict both defendants unless it was satisfied of the guilt of each beyond a reasonable doubt. Even so, it has other connotations as well. For example, the jury could easily construe it to mean that if the State had satisfied the jury beyond a reasonable doubt that either defendant broke and entered the Talalah house with the felonious intent to commit larceny it would be the duty of the jury to return a verdict of guilty as charged against both defendants. Certainly this interpretation is reasonably implied. The same interpretation may be given to the charge on the other counts for which defendants were on trial. The charge is inaccurate, confusing and ambiguous.

[7, 8]   It has been uniformly held that where the court charges correctly at one point and incorrectly at another, a new trial is necessary because the jury may have acted upon the incorrect part. This is particularly true when the incorrect portion of the charge is the application of the law to the facts. *State v. Gurley,* 253 N.C. 55, 116 S.E. 2d 143; *State v. Johnson,* 227 N.C. 587, 42 S.E. 2d 685. A new trial must also result when ambiguity in the charge affords an opportunity for the jury to act upon a permissible but incorrect interpretation.

[6]   Where two or more defendants were tried together for the same offense, charges susceptible to the construction that should the jury find beyond a reasonable doubt that either defendant committed the offense charged it should convict all the defendants, were held to constitute reversible error in *State v. Wolfe,* 227 N.C. 461, 42 S.E. 2d 515; *State v. Massengill,* 228 N.C. 612, 46 S.E. 2d 713; *State v. Meshaw,* 246 N.C. 205, 98 S.E. 2d 13; *State v. Miller,* 253 N.C. 334, 116 S.E. 2d 790; and *State v. Harvell,* 256 N.C. 104, 123 S.E. 2d 103. The charge in this case is therefore erroneous and is disapproved.

[9]   Where the evidence against each of several defendants is not

identical, the trial court should submit the question of the guilt or innocence of each separately. *State v. Massengill, supra.*

For the errors noted in the charge there must be a new trial. The decision of the Court of Appeals is reversed. The case is remanded to that court where it will be certified to the trial court for a new trial in accord with this opinion.

Reversed and remanded.