STATE OF NORTH CAROLINA v. ELBERT LEE COLLINS

No. 694SC430

(Filed 17 December 1969)

**1. Intoxicating Liquor § 19— possession and sale of non-taxpaid whiskey — instructions**

　　In this trial upon two warrants charging the possession and sale of non-taxpaid whiskey on two specified dates, the trial court erred in instructing the jury that defendant should be found guilty of each count under both warrants if defendant had non-taxpaid whiskey in his possession at any time, or at least on either of the two specified dates.

**2. Criminal Law § 168— instructions — correct at one point, incorrect at another**

　　Where the court charges correctly at one point and incorrectly at another, a new trial is necessary because the jury may have acted upon the incorrect part.

**3. Intoxicating Liquor § 20— illegal sale — verdict of illegal possession for sale**

　　Where defendant was charged with illegal sale of non-taxpaid whiskey, verdict of guilty of illegal possession for sale was improper.

APPEAL by defendant from *Burgwyn, E.J.,* 28 April 1969 Session, SAMPSON Superior Court.

Defendant was charged in two warrants. Each warrant contained two counts. The first warrant charged defendant with possession of a quantity of non-taxpaid whiskey and with selling a portion of such non-taxpaid whiskey on 3 January 1969. The second warrant charged defendant with possession of a quantity of non-taxpaid whiskey and with selling a portion of such non-taxpaid whiskey on 12 July 1968. The two warrants were consolidated for trial.

From verdicts of guilty and judgment pronounced thereon, defendant appealed, assigning as error portions of the judge's charge to the jury.

*Robert Morgan, Attorney General, by Jean A. Benoy, Deputy Attorney General, and Thomas J. Bolch, Special Assistant, for the State.*

*David J. Turlington, Jr., for defendant.*

BROCK, J.

[1] Defendant assigns as error the following portion of the judge's charge to the jury:

"If you find that he had in his possession at any time any amount of non-taxpaid whiskey either in his house or nearby in the country, you will find him guilty in each count."

This part of the charge is material error and prejudicial to the defendant because it instructed the jury that if the defendant had non-taxpaid whiskey in his possession at any time, or at least on *either* 2 January 1969 *or* 12 July 1968, it would be their duty to find defendant guilty of each count under both warrants.

[2]    Even though the law may have been correctly stated in other portions of the charge "[i]t has been uniformly held that where the court charges correctly at one point and incorrectly at another, a new trial is necessary because the jury may have acted upon the incorrect part." *State v. Parrish,* 275 N.C. 69, 165 S.E. 2d 230.

[3]    Additionally, we note the verdict was improper in part in that one of the counts in each warrant charged the defendant with illegal sale of non-taxpaid whiskey, yet the verdict as entered on this count in each warrant found the defendant guilty of illegal possession for sale.

Since there must be a new trial, we do not deem it necessary to discuss the remaining assignment of error as it may not arise on another trial.

For material error in the charge a new trial is ordered.

New trial.

BRITT and VAUGHN, JJ., concur.