STATE OF NORTH CAROLINA v. WILLIE J. TOMBLIN, LARRY ALLEN GAITHER AND MICHAEL EUGENE KIRKSEY

No. 13

(Filed 30 January 1970)

1. **Criminal Law § 113—** **joint trial — instructions — conviction of one or all defendants**

    When two or more defendants are jointly tried for the same offense, a charge which is susceptible to the construction that the jury should convict all if it finds one guilty is reversible error.

2. **Criminal Law § 168—** **construction of charge as a whole**

    The charge must be construed as a whole in the same connected way in which it was given, and if it fairly and correctly presents the law when thus considered, it will afford no ground for reversing the judgment, even if an isolated expression should be found technically inaccurate.

3. **Criminal Law § 113—** **joint trial — instructions — consideration of guilt or innocence of each defendant**

    In this consolidated trial of three defendants for the crimes of kidnapping and rape, the charge of the court, when considered as a whole, is not subject to the construction that the jury should convict all three defendants if it found one defendant guilty of the particular crime charged, notwithstanding an isolated portion of the charge on rape may have been subject to such construction, where the court in other portions of the charge carefully instructed the jury that it should determine individually

and separately the guilt or innocence of each defendant as to each of the charges.

APPEAL by defendants under G.S. 7A-27(a) from *Crissman, J.,* 24 February 1969 Session of ROWAN.

Defendants were tried upon two bills of indictment which charged (1) that on 1 September 1968 the three defendants kidnapped Carolyn Euart and (2) that on the same day they raped her. The jury found each defendant guilty of kidnapping and guilty of rape with the recommendation that his sentence be life imprisonment. From consecutive sentences of twenty years for kidnapping and life imprisonment for rape, each defendant appealed. Upon their affidavits of indigency Judge Crissman entered an order allowing each to appeal in forma pauperis and appointing their trial attorneys to perfect the appeal. Rowan County was directed to pay the costs thereof.

*Robert Morgan, Attorney General; Ralph Moody, Deputy Attorney General; D. M. Jacobs, Staff Attorney for the State.*

*John H. Rennick and W. B. Nivens for defendant appellants.*

SHARP, J.

In brief summary, omitting its more sordid details, the evidence of the State tended to show: About 8:00 p.m. on 1 September 1968 the three defendants came upon Carolyn Euart (17) and her boyfriend, Tony Morgan (16) in the Salisbury City Park. They were parked in an automobile under a light in the picnic area. Defendants proclaimed that they were armed with guns and knives. By the use of force and threatening to shoot Tony, defendants took charge of the automobile and transported him and Carolyn to Kelsey Park, about three miles away. There each defendant raped her. Thereafter defendants took Carolyn and Tony to the Penn-Dixie Cement Company's loading platform, where each defendant again raped Carolyn. Defendants then returned the girl and boy to the City Park, where they surrendered Tony's car to him. He immediately took Carolyn to the police station and reported what had occurred. Two policemen took her to the hospital, where she was examined and treated by Dr. Joel Goodwin, a gynecologist. He testified that she had been forcibly entered and described the multiple injuries, blood and stains that he found on her body. Tony and Carolyn were seniors at East Rowan High School. Their teachers testified to their good character and reputation.

Each defendant testified in his own behalf. Gaither said that he had had intercourse with prosecutrix at Kelsey Park and at the cement platform. Tomblin denied having had intercourse with her at all. He said that he had attempted it at both places but had failed. Kirksey said he had had intercourse with her only at the platform. Each defendant testified that Carolyn had consented to have intercourse with him and also with the other two, and that Tony had stood by and watched without protest or interference.

Defendants assign as error the following portions of the charge:

"Now, members of the jury, on the charge of rape, the court charges you that if you are satisfied from the evidence and beyond a reasonable doubt that either one or all of these defendants had carnal knowledge, had sexual intercourse, forcibly and against the will of Carolyn Euart on this occasion, that is, if either of these or all of these had carnal knowledge of Carolyn Euart without her consent and against her will, she putting up as much resistance as she could under the circumstances, the court charges you that it would be your duty to return a verdict of guilty of rape as charged in the bill of indictment, and that you may find either of them guilty of rape as charged in the bill of indictment, or you may find them guilty of rape with the recommendation of life imprisonment. (Exception No. 14)

"* * *

"Now, members of the jury, as to the charge of kidnapping the court charges you that if you are satisfied from the evidence and beyond a reasonable doubt that these defendants, either of them, one of them, two of them, or three of them, *considering each man's case individually and separately,* that he, or they, unlawfully and wilfully took and carried away this girl, Carolyn Euart, by force and against her will, then the court charges you that he or they would be guilty of kidnapping. (Exception No. 15) (Our italics.)

"* * *

"So, the court charges you as to this matter of kidnapping that if you are satisfied from the evidence and beyond a reasonable doubt that these defendants, either of them or one of them, or two of them, or all three, unlawfully and wilfully — and it is against the law to kidnap a person — that is, if they deliberately and with a purpose put Carolyn Euart in fear of her life or in fear of great bodily harm, and in this matter forced her to go to these places, then the court charges you that it would be equivalent to actual force and that it would be your duty to return a verdict of guilty

of kidnapping as charged in the bill of indictment as to the defendant, or the defendants." (Exception 16)

Defendants contend that the foregoing instructions were a mandate to the jury to convict all defendants if they found one guilty of the particular crime charged.

**[1]** This Court has repeatedly held that, when two or more defendants are jointly tried for the same offense, a charge which is susceptible to the construction that the jury should convict all if it finds one guilty is reversible error. *State v. Williford,* 275 N.C. 575, 169 S.E. 2d 851; *State v. Parrish,* 275 N.C. 69, 165 S.E. 2d 230; *State v. Harvell,* 256 N.C. 104, 123 S.E. 2d 103; *State v. Miller,* 253 N.C. 334, 116 S.E. 2d 790; *State v. Meshaw,* 246 N.C. 205, 98 S.E. 2d 13; *State v. Wolfe,* 227 N.C. 461, 42 S.E. 2d 515; *State v. Walsh,* 224 N.C. 218, 29 S.E. 2d 743; *State v. Norton,* 222 N.C. 418, 23 S.E. 2d 301. The question for decision here is whether Judge Crissman's charge is susceptible to such construction.

The charge on kidnapping certainly does not reflect "the clarity of thought and conciseness of statement" which is desirable in a judicial mandate to the jury. It is obvious, however, that the judge meant to tell the jurors that they would return a verdict of guilty of kidnapping only as to the defendant about whose guilt they had no reasonable doubt. The jurors were told very clearly to consider "each man's case individually and separately." We do not believe that they were confused.

**[2]** If that portion of the instruction with reference to rape, which is the subject of Exception 14, constituted the judge's only precept on the point it purported to cover, its ambiguity could not be condoned. *State v. Wolfe, supra.* However, a charge must be construed "as a whole in the same connected way in which it was given." When thus considered, if it "fairly and correctly presents the law, it will afford no ground for reversing the judgment, even if an isolated expression should be found technically inaccurate." *State v. Valley,* 187 N.C. 571, 572, 122 S.E. 373, 374. *Accord, State v. Hall,* 267 N.C. 90, 147 S.E. 2d 548; 1 Strong, N. C. Index *Criminal Law* § 161 (1957).

At the beginning of his instructions to the jury, the judge said:

"In this charge of rape against each of these defendants, the court charges you that there are five possible verdicts. You may find one, two, or three of the defendants guilty of rape. You may find one, two or three of the defendants guilty of rape with the recommendation of life imprisonment, or guilty of assault with in-

tent to commit rape, or guilty of an assault upon a female person, or not guilty. You will remember that there are three defendants, they being charged, each are charged with rape, but they are separate cases and you will give each of the defendants consideration in light of this evidence and in determining whether or not there is sufficient evidence for a conviction, or whether or not he should be acquitted.

"Now, the same is true, of course, as to the charge of kidnapping as to each defendant being entitled to have his case considered individually and passed upon as far as he is concerned. And, as to the charge of kidnapping there are two possible verdicts. You may find them guilty as charged in the bill of indictment, or not guilty."

Toward the end of the charge, and after having given the instruction to which Exception 14 refers, the judge told the jury:

"The court again reminds you that you may find one of these defendants guilty, you may find two guilty, you may find three guilty. You may find one of the defendants not guilty, you may find two not guilty, or you may find all three not guilty. You may find one not guilty and two guilty. You may find two guilty and one not guilty, or you may find all three not guilty. This is true as to rape and assault with intent to commit rape, also."

In concluding his instruction, the judge charged:

"Now, I want to make it clear — and crystal clear — that you're trying each of these defendants — that while we are trying them together each are charged separately — and you are trying them separately."

[3] The foregoing excerpts make it quite clear that the jury could not have understood that if they found one defendant guilty they would find all three guilty. Considering the whole charge, we are convinced that the jurors were not misled by the portion of the charge to which defendants except. The assignment of error based upon Exceptions 14, 15, and 16 is not sustained. Defendants' other assignments of error have been carefully considered and found to merit no discussion.

No error.