STATE OF NORTH CAROLINA v. RAY LEWIS LONG

No. 7021SC352

(Filed 24 June 1970)

1. Criminal Law § 89— corroborating testimony — variance

Where variance between corroborating testimony and testimony sought to be corroborated was so slight as to be inconsequential, failure of trial judge to strike portion of corroborating testimony excepted to was not prejudicial.

2. Criminal Law § 113— consolidated prosecution of two defendants — instructions on guilt of each defendant — inadvertent use of "they"

In a consolidated prosecution of two defendants, the fact that the trial judge, while instructing the jury as to one defendant, twice used the pronoun "they" instead of "he" does not constitute reversible error, since the entire charge made it clear that the jury was to consider the guilt or innocence of each defendant separately.

ON certiorari to review the judgment of *Gambill, J.,* at the 13 October 1969 Criminal Session of FORSYTH Superior Court.

The defendant Ray Lewis Long, along with one James L. Long, was tried upon a proper bill of indictment charging armed robbery. In the case against James L. Long the jury returned a verdict of guilty as charged. The verdict as to Ray Lewis Long was guilty of common law robbery. From a judgment imposing an active prison sentence the defendant Ray Lewis Long appeals.

*Attorney General Robert Morgan by Staff Attorney Donald M. Jacobs for the State.*

*Edward R. Green by Charles R. Redden for defendant appellant.*

VAUGHN, J.

[1] The defendant brings forward only two assignments of error. Merry Carol Miles, an alleged accomplice in the robbery, testified

as a witness for the State. A deputy sheriff later testified as to what Miles had told him about the occurrence. The trial judge carefully instructed the jury that such evidence was admitted only for the purpose of corroborating the testimony of Miles if they found it did. The defendant assigns as error the failure of the trial judge to strike a portion of the deputy's testimony, contending that it did not corroborate the witness Miles. A study of the evidence discloses that any variance, if indeed there is a variance, is so slight as to be inconsequential. This assignment of error is overruled. *State v. Norris,* 264 N.C. 470, 141 S.E. 2d 869.

[2] Although the case against this defendant was consolidated for trial with that of James L. Long, the trial judge very carefully submitted the question of the guilt or innocence of each defendant separately. *State v. Parrish,* 275 N.C. 69, 165 S.E. 2d 230. The defendant Ray Lewis Long does not complain of any error in the instructions under which his case was submitted to the jury. In two instances, while instructing the jury as to James L. Long, the judge used the pronoun "they" instead of "he." This is the basis for the defendant's final assignment of error. A charge must be construed "as a whole in the same connected way in which it was given." When thus considered, if it "fairly and correctly presents the law, it will afford no grounds for reversing the judgment, even if an isolated expression should be found technically inaccurate." *State v. Tomblin,* 276 N.C. 273, 171 S.E. 2d 901. An examination of the entire charge makes it very clear that the jury could not have understood that if they found one defendant guilty, they should find both guilty, as contended by defendant. This assignment of error is overruled.

In the entire trial we find no error.

No error.

CAMPBELL and PARKER, JJ., concur.