STATE OF NORTH CAROLINA v. LARRY W. DOUGLAS AND ALFREDO BOYCE

No. 7012SC595

(Filed 16 December 1970)

1. Robbery § 4— armed robbery — sufficiency of evidence

   Evidence of defendants' guilt of armed robbery was sufficient to be submitted to the jury.

2. Criminal Law § 113— joint trial of defendants — instructions on the guilt or innocence of both defendants — reversible error

   In a joint prosecution of two defendants for armed robbery, an instruction that it would be improper for the jury to find one defendant not guilty and the other defendant guilty, and that the jury must find either both defendants guilty or both defendants not guilty, *held* reversible error.

APPEAL by defendants from *Hobgood, J.,* 20 March 1970 Session, CUMBERLAND Superior Court.

In two bills of indictment proper in form defendants were jointly charged with (1) armed robbery of Stanley R. Beltowsky of the sum of $4, and (2) armed robbery of Elroy Uresti of the sum of $30. Defendants pleaded not guilty, were tried together,

were found guilty of common law robbery in each case, and from judgments imposing prison sentences they appealed.

*Attorney General Robert Morgan by Assistant Attorney General R. S. Weathers for the State.*

*Elizabeth C. Fox for appellant Larry W. Douglas and Mitchel E. Gadsden for appellant Alfredo Boyce.*

BRITT, Judge.

[1]   Each defendant assigns as error the failure of the trial court to allow his motion for non-suit interposed at the conclusion of the State's evidence and renewed at the conclusion of all the evidence.

The evidence, viewed in the light most favorable to the State, tended to show: On 5 November 1969 Beltowsky, Uresti and the defendants were soldiers stationed at Ft. Bragg. Early that evening Beltowsky and Uresti were hitchhiking on Bragg Boulevard in Fayetteville attempting to get a ride to Ft. Bragg. A green two-door Buick, driven and owned by defendant Boyce, with defendant Douglas occupying the right front seat and one Leroy Amos the left rear seat, stopped near Beltowsky and Uresti; defendant Douglas rolled down the window next to him, asked the hitchhikers where they were going and when they replied "Ft. Bragg," defendant Douglas opened the right door, leaned forward and permitted them to get in the back seat. The hitchhikers did not know defendants and Amos at the time. Defendant Boyce began driving on Bragg Boulevard and at defendant Douglas' direction, turned left and proceeded on Yadkin Road. After traveling about one-half mile on Yadkin Road, Amos, who was sitting directly behind the driver, told defendant Boyce to stop, "that this was far enough." Amos then pulled a .32 calibre pistol, pointed it at Uresti's temple and ordered Uresti and Beltowsky to give them their wallets. After Amos removed all money from the wallets, he returned them to their owners and ordered them to get out of the car. Defendant Douglas thereupon opened the right door and let Uresti and Beltowsky out, after which defendant Boyce proceeded to drive northward on Yadkin Road. The robbery victims contacted police, provided them with their recollection of the license number on the Buick, and approximately thirty to forty-five minutes later that night police apprehended the Buick at

which time it was occupied by defendants, Amos, and a fourth person.

Both defendants testified as witnesses for themselves and not only denied the charges but denied being in a car with Uresti and Beltowsky on the night in question. Defendant Douglas attempted to establish an alibi by two witnesses and also presented evidence showing that he went to Beltowsky's barracks several days after the alleged offenses and that Beltowsky stated on that occasion that he had never seen defendant Douglas before.

We think the evidence was sufficient to survive the motions for non-suit made by both defendants and the assignment of error relating thereto is overruled.

[2] Defendants assign as error certain portions of the trial judge's charge to the jury. One of the parts of the charge assigned as error occurred after the jury had deliberated for some period of time and returned to the courtroom and requested further instructions. At that time the court gave further instructions which included the following: "The Court does instruct you here and now, and I have thought about this and I did not instruct you previously on the evidence as to this; the Court instructs you this, that under this evidence, it would not be proper for you to find one defendant not guilty and to find the other one guilty, but you would either find both defendants guilty or both defendants not guilty in reference to the evidence as presented here."

The assignment of error to the quoted instruction is well taken and entitles the defendants to a new trial. In *State v. Tomblin,* 276 N.C. 273, 171 S.E. 2d 901 (1970), we find the following:

> "This Court has repeatedly held that, when two or more defendants are jointly tried for the same offense, a charge which is susceptible to the construction that the jury should convict all if it finds one guilty is reversible error. *State v. Williford,* 275 N.C. 575, 169 S.E. 2d 851; *State v. Parrish,* 275 N.C. 69, 165 S.E. 2d 230; *State v. Harvell,* 256 N.C. 104, 123 S.E. 2d 103; *State v. Miller,* 253 N.C. 334, 116 S.E. 2d 790; *State v. Meshaw,* 246 N.C. 205, 98 S.E. 2d 13; *State v. Wolfe,* 227 N.C. 461, 42 S.E. 2d 515, *State v. Walsh,* 224 N.C. 218, 29 S.E. 2d 743; *State v. Norton,* 222 N.C. 418, 23 S.E. 2d 301."

In their brief defendants bring forward and argue other assignments of error but we do not deem it necessary to discuss them as they may not arise upon a new trial of this action.

New trial.

Judges CAMPBELL and HEDRICK concur.