STATE OF NORTH CAROLINA v. MICHAEL TIMOTHY HAULK

No. 7829SC526

(Filed 17 October 1978)

**Mayhem § 2— maiming without malice aforethought—intent as essential element**
 The trial court erred in instructing the jury that defendant could be found guilty of felonious maiming of a child without malice aforethought in violation of G.S. 14-29 if it found that the child was injured as a result of defendant's gross carelessness or criminal negligence, since an intent to maim is an essential element of the crime defined by G.S. 14-29.

ON certiorari to review trial of defendant before *Baley, Judge*. Judgment entered 18 March 1977 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 28 September 1978.

Defendant was indicted pursuant to G.S. 14-29 for felonious maiming without malice aforethought, convicted by a jury, and sentenced to ten years.

At trial, the State's evidence tended to show that in September 1976, defendant was living with Sheila Meffer and took care of her three children, including two-year-old Sabrina,

while the mother worked at night. On 1 September 1976, Mrs. Meffer left for work at 11:30 p.m., at which time Sabrina was asleep in bed, and her feet were normal. At approximately 2:00 a.m., defendant went to a neighbor's house with Sabrina in his arms. Her feet and legs were seriously burned, and she eventually lost the toes of one of her feet. Medical testimony indicated that the injuries were caused by hot water. Defendant had told the child's grandmother that he had been running hot water in the bathtub, and Sabrina stepped into the tub.

The State was allowed to reopen its case to present the further testimony of the grandmother, who testified that about a week before Sabrina's injuries occurred, she observed marks on her four-year-old grandson's body. The boy told her that defendant had beaten him with a hairbrush. The trial court instructed the jury to consider this testimony on the question of intent only. Defendant presented no evidence.

*Attorney General Edmisten, by Associate Attorney Marilyn R. Rich, for the State.*

*Robert W. Wolf, for defendant appellant.*

ERWIN, Judge.

Surely there are few offenses more heinous than the maiming of a defenseless two-year-old child. We have concluded, however, that prejudicial error occurred below and accordingly award defendant a new trial.

Defendant has noted exceptions and assigned error to various portions of the trial court's instructions to the jury. Two such portions read as follows:

> "The State contends that the defendant . . . on purpose, with intent to maim the child . . . by dipping the child in boiling water, has caused the disfigurement and maiming of this child, and that you should be convinced from this evidence beyond a reasonable doubt that he did this deliberately and purposely [or that he was so grossly careless in his conduct that he permitted this to happen when he was in charge of a two-year-old child,]

DEFENDANT'S EXCEPTION NUMBER EIGHT.

\*     \*     \*

Now, members of the jury, the defendant contends that this injury to the child was caused by accident and not with any deliberate purpose on his part. I charge you that if Sabrina Nicole Meffer was injured by accident or misadventure, that is, without wrongful purpose [or criminal negligence]

DEFENDANT'S EXCEPTION NUMBER ELEVEN.

on the part of the defendant, the defendant would not be guilty."

We agree with defendant's contention that these portions of the jury instructions constituted prejudicial error.

G.S. 14-29 provides as follows:

"If any person shall, on purpose and unlawfully, but without malice aforethought . . . disable any limb or member of any other person . . . maim or disfigure any of the privy members of any other person, *with intent to* kill, *maim*, disfigure, disable . . . such person, the person so offending shall be imprisoned in the county jail or State's prison not less than six months nor more than ten years . . ." (Emphasis added.)

Clearly, intent is an essential element of the offense under the statute. The import of the above-quoted excerpts from the jury instructions is that something less, gross carelessness or criminal negligence, would suffice.

The State maintains that the trial court was merely stating contentions and that the charge, read in its entirety, correctly states the law. It is the general rule that a misstatement of a party's contentions must be brought to the trial court's attention to provide an opportunity for correction. If a party fails to do so, an exception thereto will not be considered on appeal. "However, when the mistatement presents an erroneous view of the law or an incorrect application of it, counsel is not required to bring the inadvertence to the court's attention." *State v. Winford*, 279 N.C. 58, 71, 181 S.E. 2d 423, 431 (1971).

We note that the State's case against defendant was based entirely on circumstantial evidence. A serious injury was sustained by Sabrina while she was under defendant's care. Thus, the error complained of must be considered prejudicial. The jury may have been in doubt as to whether the injury was intentionally inflicted but might quite plausibly have concluded that such an injury would not have occurred unless defendant had been negligent in his care and supervision of Sabrina. G.S. 14-29 does not, however, purport to define an offense based on negligence or carelessness; it condemns an intentional offense.

Our Supreme Court held as follows in *State v. Parrish*, 275 N.C. 69, 76, 165 S.E. 2d 230, 235 (1969):

"[W]here the court charges correctly at one point and incorrectly at another, a new trial is necessary because the jury may have acted upon the incorrect part. This is particularly true when the incorrect portion of the charge is the application of the law to the facts. . . . A new trial must also result when ambiguity in the charge affords an opportunity for the jury to act upon a permissible but incorrect interpretation."

Thus, we hold that the portions of the instructions complained of impermissibly suggested to the jury that it could find defendant guilty of the offense charged without being satisfied beyond a reasonable doubt that defendant had the necessary intent under G.S. 14-29.

However, we hold that there was sufficient evidence to submit the case to the jury.

We do not treat defendant's other assignments of error as they may not recur upon retrial.

Defendant is awarded a

New trial.

Judges MORRIS and MITCHELL concur.