STATE OF NORTH CAROLINA v. HENRY LEE McCOLLUM AND LEON BROWN

No. 666A84

(Filed 3 February 1988)

**Criminal Law § 113.6— murder and rape—two defendants—instructions which failed to separate cases against them—error**

      The trial court erred in the joint trial of two defendants for first degree murder and first degree rape where the trial court's instructions to the jury during the guilt determination phase of the case were readily susceptible to being interpreted as instructions to convict each defendant if the jury found that the other defendant had committed the crimes charged and were not clearly limited to the theories of felony murder or acting in concert.

APPEAL of right by the defendants from judgments sentencing each defendant to death for murder in the first degree and to imprisonment for life for first degree rape, entered by *Lane, J.,* at the 8 October 1984 Criminal Session of Superior Court for ROBESON County. Heard in the Supreme Court on 8 December 1987.

*Lacy H. Thornburg, Attorney General, by David Roy Blackwell and William N. Farrell, Jr., Special Deputy Attorneys General, for the State.*

*Adam Stein for the defendant-appellant Leon Brown.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Louis D. Bilionis, Assistant Appellate Defender, for the defendant-appellant Henry Lee McCollum.*

MITCHELL, Justice.

The defendants, Henry Lee McCollum and Leon Brown, were tried upon separate bills of indictment charging each of them with the first degree murder and first degree rape of Sabrina Buie.

They were tried jointly during the 8 October 1984 Criminal Session of Superior Court for Robeson County. The jury returned verdicts finding each defendant guilty of both crimes as charged. The jury found each defendant guilty of first degree murder on both the theory of premeditation and deliberation and the felony murder theory. After a sentencing hearing, the jury recommended a sentence of death for each defendant for first degree murder. The trial court entered judgments on 25 October 1984 sentencing each defendant to death for first degree murder and to imprisonment for life for first degree rape. The defendants appealed to this Court as a matter of right.

A complete recitation of the evidence introduced at trial is unnecessary in resolving the issue which we find dispositive of this case on appeal. The State's evidence tended to show, *inter alia*, that Sabrina Buie, an eleven-year-old child, was missing from her home at approximately 12:20 a.m. on Sunday, 25 September 1983, when her father returned home from working the midnight shift at a nearby business. The child's nude body was found in a bean field in Robeson County on the afternoon of 26 September 1983.

An autopsy was performed upon the body of Sabrina Buie. Linear abrasions on her back and buttocks revealed a pattern indicating that the body had been dragged over a rough surface. There was a tear or laceration deep within the victim's vagina and a tear or laceration in her anal canal. Petechial hemorrhaging, characterized as the bursting of small blood vessels caused by pressure, was observed in the victim's eyes. Similar hemorrhaging caused by a pressure mechanism was also observed in the heart and lungs. The brain appeared slightly swollen due to a lack of oxygen.

A stick and pair of panties was wedged in the victim's airway opening, completely obstructing the airway. Dr. Debra Radisch, Chief Assistant Medical Examiner for the State of North Carolina, testified that the victim died of asphyxiation.

The defendant Henry Lee McCollum gave a statement to law enforcement officers on 28 September 1983. He said that he saw the victim Sabrina Buie and a male named Darrell Suber come out of Sabrina's house at about 9:30 p.m. on 24 September 1983. McCollum and four other males joined them, and the group then

went to a "little red house near the ballpark." The five males tried to convince Sabrina to have sexual intercourse with them, but she refused. Two of the males went to a nearby store and bought malt liquor. When they returned, the males discussed having sexual intercourse with Sabrina. One of the males, Louis Moore, refused to participate and left.

McCollum, Sabrina and the others then walked across a bean field behind the store. They sat there in some bushes and drank the malt liquor. Suber then said that he was going to have sexual intercourse with Sabrina. The defendant Henry Lee McCollum grabbed Sabrina's right arm, and another member of the group grabbed her left arm. Suber then raped her while McCollum and the other male held her. Each man raped Sabrina while others held her. Evidence presented tended to show that two of the men also sodomized her.

Suber then said, "we got to do something because she'll go uptown and tell the cops we raped her." The defendant Henry Lee McCollum grabbed Sabrina's right arm and held her while another male grabbed her left arm. Chris knelt over Sabrina's head and with a stick pushed her panties down her throat. After they knew she was dead, McCollum and Chris dragged her body away to hide it from view.

The defendant Leon Brown gave a statement to law enforcement officers on 29 September 1983 which implicated him in the murder and rape of Sabrina Buie.

The defendants assign as error, *inter alia*, instructions given the jury during the guilt determination phase of their joint trial. Each defendant contends that the instructions, taken as a whole, failed to separate the cases against them and failed to insure consideration by the jury of the individual guilt or innocence of each defendant. We conclude that these assignments are meritorious and hold that each defendant must receive a new trial on the charges against him.

This Court has often found reversible error where two or more defendants are tried together for the same offense upon jury instructions susceptible to the construction that the jury should convict all of the defendants if they find beyond a reasonable doubt that any of the defendants committed the offense

charged. *E.g., State v. Parrish,* 275 N.C. 69, 165 S.E. 2d 230 (1969). In the present case, the trial court did specifically instruct the jury when stating the elements of premeditated and deliberate first degree murder: "Of course, you will be required to determine the guilt or innocence of each defendant on the basis of the evidence as presented against him." At several other points in the instructions, the trial court also used terms such as "the defendant," "each defendant," or "he" which could be construed as indicating that the trial court intended the jury to deal with the defendants' cases individually. Nevertheless, we are unable to say here, as we have said in other cases, that we are "convinced that the jurors were not misled by the portion of the charge to which defendants except." *State v. Tomblin,* 276 N.C. 273, 277, 171 S.E. 2d 901, 904 (1970).

The trial court's instructions to the jury during the guilt determination phase of this case, taken as a whole, were readily susceptible to being interpreted as instructions to convict each defendant if the jury found that the other defendant had committed the crimes charged. Further, such instructions were not clearly limited to the jury's consideration of the theory of felony murder or the theory that the defendants had acted in concert, although the trial court did instruct the jury on those theories.

We find the following quotations from the trial court's instructions during the guilt determination phase to be fairly representative of the instructions taken as a whole. In defining the elements the State must prove under the felony murder rule, for example, the trial court instructed the jury:

> I further charge you that for you to find *the defendant* guilty of first degree murder under the First Degree Felony Rule the State must prove three things beyond a reasonable doubt.
>
> First, that *the defendant* and each of them *or either of them* committed the felony of rape.

(emphasis added). Although the trial court thereafter instructed on the law with regard to defendants acting in concert, the foregoing quotation could have misled the jury into believing that they could convict both defendants if only one of them raped the victim, even if the jury did not believe that they were acting in

concert. Later portions of the instructions did little to clarify this matter and, in fact, added to the uncertainty.

In the trial court's mandate to the jury with regard to the theory of premeditated and deliberate murder, the trial court instructed in part:

> So with respect to the charge of murder I charge if you find that from the evidence beyond a reasonable doubt that on or about the 24th of September 1983, the defendant Henry Lee McCollum *and* the defendant Leon Brown intentionally shoved the stick wrapped in her panties down the throat of the said Sabrina Buie, proximately causing the death of Sabrina Buie, and that *the defendant* intended to kill Sabrina Buie and that each defendant acted with malice after premeditation and deliberation, it will be your duty to return a verdict of guilty of first degree murder on the basis of malice, premeditation and deliberation.

(emphasis added).

The trial court then gave its mandate to the jury with regard to the felony murder theory, which included the following:

> Whether or not you find *the defendant Henry Lee McCollum or the defendant Leon Brown* guilty of first degree murder on the basis of malice, premeditation and deliberation you will also consider whether *either or all of them* are guilty of first degree murder under the First Degree Felony Murder Rule.
>
> . . . .
>
> So I charge you if you find from the evidence beyond a reasonable doubt that on or about the 24th of September, 1983, *the defendant Henry Lee McCollum or the defendant Leon Brown,* while committing the felony of rape upon one Sabrina Buie, stuffed or shoved a stick down the throat of the said Sabrina Buie with panties wrapped around the stick, or aided in the stuffing or shoving of that stick with the panties around it down the throat of the said Sabrina Buie, and that the stuffing of that stick with the panties around it was a proximate cause of the death of Sabrina Buie, *it would be*

*your duty to return a verdict of guilty* of first degree murder under the Felony Murder Rule.

(emphasis added).

The trial court thereafter gave its mandate concerning the manner in which the jury would consider the defendants' guilt *vel non* of second degree murder, if it found them not guilty of first degree murder. The trial court's mandate as to second degree murder included the following:

> Now, second degree murder is the unlawful killing of a human being with malice but without premeditation and deliberation. In order for you to find *the defendant* guilty of second degree murder the State must prove beyond a reasonable doubt that the defendant Henry Lee McCollum and the defendant Leon Brown, *or either of them*, intentionally shoved the stick with the panties wrapped around it, or aided in the shoving of the stick with the panties around it, down the throat of the said Sabrina Buie . . . .

(emphasis added).

The trial court then undertook to define the elements of first degree rape and to give its mandate to the jury concerning the charges of first degree rape against these defendants. The trial court stated in part in this regard that:

> And fourth, that the defendant *or either or both of them* was aided or abetted by one or more persons . . . .

> So I charge if you find from the evidence beyond a reasonable doubt that on or about the 24th of September, 1983, the defendant Henry McCollum *and* the defendant Leon Brown engaged in vaginal intercourse with Sabrina Buie and that *the said Henry McCollum and/or the said Leon Brown* did so against her will by throwing her to the ground and holding her on the ground, each holding a hand while the rape occurred, and that—and by striking her and this was sufficient to overcome any resistance which the said Sabrina might make and the said Sabrina Buie did not consent to and that it was against her will, and that the defendant was aided and abetted by one or more persons, keeping in mind that the person would be aided and abetted if that person was

present at the time of the rape and knowingly advised, encouraged and aided him to commit the crime, it would be your duty to return *a verdict of guilty* of first degree rape.

(emphasis added).

It is true that the trial court instructed the jury that, as to each offense charged, they should consider the defendants' cases individually and render verdicts against each of them individually. However, we are unable to say that the instructions taken as a whole were not susceptible to the construction that the jury should convict both defendants if it found one guilty. Given the instructions and mandates of the trial court in this case, the jury reasonably could have believed that it was to consider and decide each defendant's guilt individually, but that it could convict *both* defendants if only one defendant committed the crimes charged.

This case differs from *Tomblin* in which we found one inadvertent error in the trial court's mandate on a charge of rape to have been cured by repeated thorough instructions on the jury's duty to consider each defendant's case individually and separately. Here, throughout its instructions and mandates, the trial court used singular and plural references to the defendants interchangeably. The trial court also made interchangeable references to the defendants in the disjunctive, the conjunctive, and various combinations of the conjunctive and disjunctive. The jury instructions in this case were far more likely to mislead the jury than those in *Tomblin*.

This Court has long held that where, as here, "two or more defendants are jointly tried for the same offense, a charge which is susceptible to the construction that the jury should convict all if it finds one guilty is reversible error." *State v. Tomblin*, 276 N.C. at 276, 171 S.E. 2d at 903. The instructions in the present case being susceptible to just such a construction, these defendants must be, and are, granted a new trial as to all of the charges against them giving rise to this appeal.

New trial.