### STATE v. BERT LANCASTER.

(Filed 14 October, 1936.)

**Indictment C c—Absence of endorsement on bill of indictment that witnesses for State had testified held insufficient ground for quashal.**

> The absence of an endorsement on the bill of indictment by the foreman of the grand jury that any witnesses for the State had been sworn and had testified before the grand jury is insufficient to overcome the presumption of validity arising from its being returned a "true bill," and is insufficient ground for quashal, the provisions of C. S., 2336, being directory and not mandatory.

APPEAL by defendant from *Williams, J.,* at April Term, 1936, of WAYNE. No error.

This is a criminal action in which the defendant was tried on four indictments, which were consolidated by order of the trial court for purposes of trial. C. S., 4622.

The defendant was convicted of the crime charged in each indictment, and appealed from the judgments on three of said convictions to the Supreme Court, assigning errors on the trial.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*J. Faison Thomson for defendant.*

PER CURIAM. The defendant's motions that each of the indictments be quashed, and that judgment on each of the convictions be arrested, on the ground that the indictments were fatally defective, for that it did not appear by an endorsement of the foreman of the grand jury that any person whose name appeared on the back of the bill of indictment

as a witness for the State, had been sworn and had testified before the grand jury, were properly denied.

The absence of such endorsement was not sufficient to overcome the presumption of the validity of the indictment arising from its return by the grand jury as a "true bill." *S. v. Lanier,* 90 N. C., 714. No evidence was offered by the defendant in support of his motion. *S. v. Sultan,* 142 N. C., 569, 54 S. E., 841. The provisions of C. S., 2336, with respect to the duty of the foreman of the grand jury, are directory, and not mandatory. *S. v. Avant,* 202 N. C., 680, 163 S. E., 806.

Defendant's assignments of error based upon exceptions to the charge of the court to the jury cannot be sustained. There was no error in the charge. See *S. v. Lancaster,* 208 N. C., 349, 180 S. E., 577. The judgments are affirmed.

No error.