shoot her if she did not leave, and (2) that plaintiff told her she would get no help from him unless she signed the deed of separation and that she did so in desperation. The court sustained plaintiff's objection to this evidence and defendant assigns its exclusion as error.

The jury answered the usual three issues with reference to marriage, residence, and separation in favor of the plaintiff under a peremptory instruction by the court. From a judgment granting the plaintiff an absolute divorce the defendant appealed.

*Jones, Reed & Griffin for plaintiff appellee.*
*Herbert B. Hulse for defendant appellant.*

PER CURIAM. When a husband and wife execute a valid deed of separation and thereafter live apart, such separation exists by mutual consent from the date of the execution of the instrument. *Richardson v. Richardson,* 257 N.C. 705, 127 S.E. 2d 525. As long as the deed stands unimpeached, neither party can attack the legality of the separation on account of the misconduct of the other prior to its execution. *Kiger v. Kiger,* 258 N.C. 126, 128 S.E. 2d 235.

Recognizing this rule, defendant attempted to avoid the deed of separation on the ground that it was obtained by duress. However, neither the facts alleged nor the proffered proof are sufficient to invalidate the contract which was not executed until nine months after the parties had separated. Plaintiff's duty to support his children was an obligation which defendant could have forced him to perform under both the criminal and the civil law. "A threat to withhold from a party a legal right which he has an adequate remedy to enforce will not constitute duress . . ." 17 C.J.S. *Contracts* § 172. Defendant has acquiesced for over seven years in the deed of separation which she would now avoid. She has shown no ground for rescission.

In the trial below we find

No error.

━━━━━━━━━

## STATE v. ROBAH LEE SMITH.

(Filed 8 April, 1964.)

**Indictment and Warrant § 5—**

The failure of the indictment to show by check marks or endorsement on its back that witnesses appeared before the grand jury is not grounds for quashal.

APPEAL by defendant from *Gambill, J.,* September, 1963 Session, YADKIN Superior Court.

Criminal prosecution upon a bill of indictment charging that the defendant on April 28, 1962, did operate a motor vehicle upon the public highways while under the influence of intoxicating liquors. Upon arraignment, and before plea, the defendant moved to quash upon the ground the indictment did not by check mark or otherwise indicate that any witness was sworn and examined by the grand jury. On the back of the indictment appeared this legend:

> "Witnesses: J. R. Roupe, Harold Shore, W. E. Wishon. Those marked — sworn by the undersigned Foreman, and examined before the Grand Jury; and this bill found (x) A True Bill. /s/ H. B. Shore, Foreman Grand Jury."

A check mark did not appear opposite the name of either witness.

The Solicitor for the State offered the evidence of J. R. Roupe who testified he was called as a witness and testified before the Grand Jury at the September Term, 1962, "in the case of *State v. Robah Lee Smith,* on a charge of operating a motor vehicle upon the public highways while under the influence of some intoxicating liquors . . ."

The court overruled the motion to quash. A jury trial resulted in a verdict of guilty. From the judgment thereon, the defendant appealed.

*T. W. Bruton, Attorney General, James F. Bullock, Assistant Attorney General for the State.*

*Scott, Folger, Ellington & Webster by Alfred J. Ellington for defendant appellant.*

PER CURIAM. The order of the Superior Court holding the indictment valid and overruling the motion to quash is fully sustained by many decisions of this Court, among them, *State v. Lancaster,* 210 N.C. 584, 187 S.E. 802.

No error.

STATE v. PAUL HINSON.

(Filed 8 April, 1964.)

APPEAL by defendant from *Hobgood, J.,* October 1963 Criminal Session of PERSON.