STATE v. JAMES EDWARD HOPSON CASES No. 65-757, 65-758.

(Filed 2 March, 1966.)

**Burglary and Unlawful Breakings § 4;    Larceny § 7—**

    Evidence tending to show that defendant was a passenger in a vehicle
    driven by the owner and that articles which had been stolen from a build-
    ing sequent to a breaking were found on the back floor board, *held* in-
    sufficient to be submitted to the jury on the question of defendant's guilt
    of felonious breaking and larceny.

MOORE, J., not sitting.

APPEAL by defendant from *Martin, S.J.,* October, 1965 Session,
BUNCOMBE Superior Court.

In this criminal action, appellant James Edward Hopson and
Virlon Thomas Spillars were indicted and tried for the felony of
breaking into and larceny of two record players from the Black
Mountain Grammar School.

The evidence disclosed the building was forcibly entered and
the two players stolen on the night of September 1, 1965. Finger-
prints on the broken door matched those of Spillars. On the night
of the breaking the officers saw an unoccupied Ford automobile
near the schoolhouse and "across the street from some homes." Later

STATE *v.* COOPER.

the officers saw the vehicle being driven by Spillars with the appellant beside him. The two record players were on the back floor board. The officers testified appellant stated at the time he had no knowledge the players were in the vehicle. Each of the defendants demurred to the evidence and excepted to the refusal of the court to grant the motion. From a verdict of guilty of breaking and entering, and larceny, and a three-years prison sentence, Hopson excepted and appealed.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.*
*Riddle & Briggs by Bruce Briggs for defendant appellant.*

PER CURIAM. Appellant was neither the owner nor the driver of the Ford in which the stolen articles were found. Evidence is lacking that he was in possession of the stolen articles. The Attorney General concedes, and properly so, that the evidence does no more than raise a suspicion of appellant's guilt and is insufficient in law to support a guilty verdict. The court should have sustained the demurrer to the evidence and directed a verdict of not guilty. The judgment of the Superior Court is
Reversed.

MOORE, J., not sitting.