STATE OF NORTH CAROLINA v. WILLIAM DOSS AND BAXTER HUNSUCKER

No. 6919SC230

(Filed 18 June 1969)

1. **Burglary and Unlawful Breakings § 5; Larceny § 7— recent possession of stolen property — sufficiency of evidence**

    In this prosecution for breaking and entering and larceny, the State's evidence *is held* insufficient to be submitted to the jury under the doctrine of possession of recently stolen goods where it tends to show only that defendant was a passenger in an automobile driven by the owner in which articles stolen from a house by breaking and entering were transported shortly after the crime occurred.

2. **Criminal Law § 113— joint trial — instructions permitting guilty verdict as to both defendants if one defendant committed offense**

    In a joint trial of two defendants for the same offense, a charge susceptible to the construction that should the jury find beyond a reasonable doubt that either defendant committed the offense charged it should convict both defendants *is held* to constitute reversible error.

APPEAL by defendants from *Crissman, J.,* October 1968 Session, Superior Court of CABARRUS.

Defendants were charged in a valid bill of indictment with breaking and entering and larceny. Through court-appointed counsel, each defendant entered a plea of not guilty to each count. The cases were consolidated for trial. As to defendant Doss, the jury found him not guilty of breaking and entering but guilty of larceny. As to defendant Hunsucker, the jury found him guilty of both charges. Both defendants appealed from the judgments entered.

The facts are set out in the opinion.

*Attorney General Robert Morgan by Assistant Attorney General Bernard A. Harrell for the State.*

*James C. Davis and Clarence E. Horton, Jr., for defendant appellant Doss.*

*M. B. Sherrin for defendant appellant Hunsucker.*

MORRIS, J.

### APPEAL OF DOSS

[1]    Defendant Doss assigned as error on appeal the failure of the court to grant his motion for nonsuit and certain portions of the charge of the court. He has elected to abandon his assignments of error as they relate to the charge, but earnestly contends that it was error for his case to be submitted to the jury.

The evidence, taken in the light most favorable to the State, tends to show:

Richard D. Barnhardt lives at 1042 McClinton Road in Kannapolis. When he left his home on the afternoon of 4 December 1967, the doors to the house were locked and the screens latched. When he returned some time after 11 o'clock that night he found that a latch on the window in the bedroom had been broken, the screen taken off, and the curtain torn. A television set and a shotgun had been taken, and these items were identified by him at the trial. Defendant Doss is his next door neighbor.

Claude King testified for the State that he knows both defendants, that they came to his home on 4 or 5 December 1967 between 10:30 and 11:30 p.m. and asked him to go pull Doss's car which was disabled. He didn't know who was driving, but they were driving a car which belonged to Hunsucker. He was in bed when they came and they waited for him to dress. Hunsucker said that the voltage regulator on his car wasn't working and he asked if he could park his car at King's house that night. King agreed. Hunsucker then said he had some items in the car he wanted to leave with King so they wouldn't be taken from the car. Hunsucker then went out to the car and brought in a television set and a gun. The witness then took the defendants in his truck to Doss's car which was sitting in a driveway across from Hunsucker's house and pulled it from there to Doss's house. It was between 10:30 and 11:30 when the two came to his home and between 11 and 12 o'clock when they got to Doss's house. He returned to his home after pulling Doss's car to Doss's house. A day or two later Hunsucker came to his house and got the gun. Detective Tucker came and got the television set.

Mr. Joseph Yoss testified that he asked Hunsucker if he knew anybody who had a shotgun or a rifle for sale, and Hunsucker said he'd check on it. Later in the week and on Thursday night, he stopped by Hunsucker's house and Hunsucker told him he knew a man who had a shotgun for sale for fifty dollars. They went to a house in the Jackson Park area, Hunsucker went in and got the shotgun. The witness told him he'd try it out Friday night. Hunsucker told him to let him have the gun back or the money by Saturday morning, that he had to return it. On Friday night near dark Hunsucker came to his home and said Police Officer Tucker was out there and wanted the shotgun, that it was stolen.

Officer Tucker testified that he went to Hunsucker's house on 8 December and asked if he had picked up a shotgun from Claude King's house. Hunsucker said that he had and had sold it to Joe Yoss. Hunsucker went with him to Yoss's home where Mr. Yoss got the gun from the trunk of his car and gave it to Officer Tucker. Hunsucker (not in Doss's presence and not admitted against Doss) told him he first saw the gun and television set in Doss's possession, and Doss told him (not in Hunsucker's presence) that he first saw the gun and television set in Hunsucker's car the night of 4 December.

Defendant Doss offered no evidence.

Defendant Hunsucker testified that he was at home all day 4 December working on his car, that he left once during the afternoon to go to the grocery store to get cigarettes and did not leave again until after 10 o'clock when he left to carry Doss to Mr. King's house to get Mr. King to pull Doss's car. That when they got to Mr. King's house, his car would not start, so he rode back with Doss and Mr. King. The next day he went back to Mr. King's to fix his car, and Mr. King told him he had a shotgun and a rifle he'd sell and when Mr. Yoss came by on Thursday he told him this and went with Mr. Yoss to Mr. King's. That Mr. King said to have the gun or fifty dollars back by Saturday morning. That Friday Mr. Tucker came and asked if he had a shotgun he got over at Mr. King's the night before, that he said he didn't have it but knew who did, that when he found out the gun was stolen he went with Mr. Tucker to Mr. Yoss's to get it. He and Doss had served prison terms together.

Hunsucker's mother testified he was home all day and didn't leave the house except to get cigarettes. That night he went off with Doss to help him get his car home. That it was about 9:30 when Doss came.

Elizabeth Storey testified that she was at the Hunsucker house that night. That Hunsucker left, was gone a few minutes and came

back in time to ride to work with her which was twenty or twenty-five after ten.

**[1]** The State concededly relies on the doctrine of possession of recently stolen goods. There is no question but that the property was stolen. However, in our view the evidence falls short of showing possession in Doss. Doss was neither the owner nor the driver of the car from which the articles were taken by Hunsucker into King's house. The evidence is not sufficient as to Doss to take the case to the jury. *State v. Hopson,* 266 N.C. 643, 146 S.E. 2d 642.

As to Doss, the judgment of the trial tribunal is

Reversed.

### APPEAL OF HUNSUCKER

**[2]** Defendant Hunsucker also brings forward only one assignment of error, and that relates to the charge of the court.

The court charged the jury: "Now, members of the jury, on this first count the Court charges you that if you are satisfied from this evidence beyond a reasonable doubt that the home of Richard Barnhardt was broken into and these items, the TV and the gun, were stolen, and *that they were found in the possession of either or both of these defendants;* you can determine from the evidence, then the law raises the presumption that the defendant is guilty of theft." (Emphasis added.)

When two defendants are tried together it is error for the court to instruct the jury in the disjunctive. *State v. Parrish,* 275 N.C. 69, 165 S.E. 2d 230. While this portion of the charge is not technically a submission of the question of guilt or innocence in the disjunctive, we think it is confusing and ambiguous. Particularly is this true when in other portions of the charge the court had previously instructed "If you find from the evidence and beyond a reasonable doubt that *either one of these defendants, or both,* broke into this house, and at the time that it was done that the intent was to take, steal and carry away such personal property as they might find, valuable property; and that the intent was to convert it to their own use, they not having permission at the time to do so, and that neither had any consent from the owner to go in, or to take any of the property, then it would be your duty to return a verdict of guilty of breaking and entering as charged. If you are not so satisfied, the burden being upon the State to so satisfy you, then it would be your duty to return a verdict of not guilty." (emphasis added), and subsequently charged: "Now, members of the jury, on the second count of larceny, if you are satisfied from the evidence beyond a reason-

able doubt *that either or both of these defendants took or had a part in taking* this TV and the shotgun, and that it belonged to Barnhardt and not to either one of them; and that it was taken against the will of the owner, and was carried away, and *that both the taking and carrying away on the part of either, or one of these, or both of these defendants,* was with the felonious intent, that is, the intent to steal existing at the time, then the Court charges you it would be your duty to return your verdict of guilty as charged on the second count of larceny. If you are not so satisfied, the burden being upon the State to satisfy you beyond a reasonable doubt, then it would be your duty to return a verdict of not guilty." (Emphasis added.)

For error in the charge there must be, as to Hunsucker, a new trial.

Appeal of Doss:   Reversed.

Appeal of Hunsucker:   New trial.

CAMPBELL and BRITT, JJ., concur.