STATE OF NORTH CAROLINA v. HERMAN WADDELL, JR., AND CLAUDE MAYNARD KNOTTS, JR.

No. 7120SC356

(Filed 23 June 1971)

1. Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of evidence

State's evidence that within two weeks after the theft of merchandise from a filling station the defendants sold much of the merchandise to a person in South Carolina, *held* sufficient to support a jury finding of defendants' guilt of breaking and entering and larceny.

2. Criminal Law § 102— solicitor's argument to jury — comment on defendants' failure to testify

Solicitor's argument to the jury, "Now, I'm not commenting on the defendants' failure to testify, I am only asking why . . . they did not produce any witnesses to show where they were," *held* prejudicial error as a comment on the defendants' failure to testify.

3. Criminal Law § 113— joint trial — instructions on guilt or innocence of each defendant

Trial court's instructions which permitted the jury to convict both defendants of the offenses charged upon a finding that either of the defendants was guilty, *held* prejudicial error.

APPEAL by defendants from *Long, Judge,* 11 January 1971 Session of Superior Court held in ANSON County for the trial of criminal cases.

The defendants were tried together on one bill of indictment, proper in form, charging them with three felonies, to wit: (1) breaking and entering a building with intent to steal, (2) larceny of property of the value of $1,200 after having broken and entered the building with intent to steal, and (3) receiving stolen goods of the value of $1,200 knowing them to have been stolen.

From judgment of imprisonment upon the verdict of the jury finding each defendant "guilty of breaking and entering and larceny," the defendants appealed to the Court of Appeals.

*Attorney General Morgan and Staff Attorney Price for the State.*

*Taylor & McLendon by Henry T. Drake for defendant appellants.*

State v. Waddell

MALLARD, Chief Judge.

Defendants contend that the trial judge committed prejudicial error in failing to grant their motion to dismiss at the close of the State's evidence. The defendants offered no evidence.

[1]   The evidence, when taken in the light most favorable to the State, tended to show that on 20 July 1970 the service station-grocery store owned by Bill Evans on Highway 74 in Lilesville was broken into and a tool box and tools owned and used by Bill Evans and $2,500 worth of merchandise owned by Bill Evans was stolen therefrom. Two weeks or less thereafter, the defendants sold much of the stolen merchandise including the tool box and used tools to Charles H. Mills, a merchant in Pageland, South Carolina, for $550. We hold that under the principles of law relating to the possession of recently stolen property set forth in *State v. Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472 (1969), the evidence in the case at bar was sufficient to require submission of the guilt or innocence of the defendants to the jury.

[2]   The defendants contend that prejudicial error was committed entitling them to a new trial when the solicitor made the following argument to the jury:

> "Now, ladies and gentlemen of the jury, I ask you why did the defendants not produce any witnesses to explain their activities during the time it is alleged they broke into Mr. Evans' business. Now, I'm not commenting on the defendants' failure to testify, I am only asking why did they not produce an explanation of their events . . . why did they not produce any witnesses to show where they were?"

This argument was improper. *State v. Miller*, 271 N.C. 646, 157 S.E. 2d 335 (1967). The solicitor may not argue to the jury the failure of a defendant to testify. *State v. McLamb*, 235 N.C. 251, 69 S.E. 2d 537 (1952); *State v. Farrell*, 223 N.C. 804, 28 S.E. 2d 560 (1944). The solicitor's comments were made in a negative way and specifically pointed to defendants' failure to testify. This was just as harmful as if it had been asserted in a positive manner. The solicitor did not merely comment on the absence of any evidence to contradict the State's witness which was held not to be prejudicial error in the case of *State v.*

*Walker,* 251 N.C. 465, 112 S.E. 2d 61 (1960), *cert. denied,* 364 U.S. 832, 5 L. Ed. 2d 58, 81 S.Ct. 45. We hold that the solicitor's remarks constitute prejudicial error.

**[3]** Defendants contend that the trial judge committed prejudicial error "by instructing the jury that it could convict both of the defendants if it found either defendant guilty" and assigns as error, *inter alia,* the following portions of the charge:

"Members of the jury, in concluding the charge to you, the Court instructs you that if you find from the evidence beyond a reasonable doubt, the burden being upon the State to so satisfy you, that on this day in question the defendant, or either defendant, broke into or entered the building of the witness, Evans, with the felonious intent to commit the crime of larceny, and that either defendant, or that the defendant whose case you are considering at the time, broke into or entered said building without the consent of the owner, or his agent, then it would be your duty to return a verdict of guilty as charged against the defendant.

\*          \*          \*

As to the charge of larceny, the Court charges you that if you find from the evidence beyond a reasonable doubt, the burden being upon the State, that the defendant, or either of them, feloniously took and carried away the goods and property of the witness, Evans, without his consent and against his will, and that such property was taken and carried away with the felonious intent to deprive the owner of its property permanently and to convert the same to the defendant's use, or to the use of some person other than the owner, and that the value of the property was over $200.00, then it would be your duty to render a verdict of guilty as charged."

**[3]** Although the evidence against the defendants was the same, each defendant was entitled to have his individual guilt or innocence considered and determined by the jury separate and apart from how the jury should find as to the other defendant. The foregoing instruction fails to accord this right because the jury was told, in substance, that on the first two counts it could convict either or both of the defendants upon a finding that either was guilty. The fact that the judge added to his instructions on the larceny count, "and you will remember that

you must give separate consideration to each of the defendants," does not cure the error. Conflicting instructions upon a material element of the case are prejudicial error. *State v. Parrish*, 275 N.C. 69, 165 S.E. 2d 230 (1969).

The instructions given in this case direct attention to the desirability for the trial judge in criminal cases with multiple defendants to instruct the jury separately as to each defendant on each count submitted as to such defendant in the final mandate to the jury.

We do not deem it necessary to discuss defendants' other assignments of error. Because of the improper argument of the solicitor and error in the instructions to the jury, the defendants are entitled to a new trial.

New trial.

Judges PARKER and VAUGHN concur.