STATE OF NORTH CAROLINA v. ROSCOE MORRISON

No. 7312SC691

(Filed 10 October 1973)

Constitutional Law § 33; Criminal Law § 102— argument that State's evidence was uncontradicted — right to remain silent

　　Solicitor's argument to the jury that the evidence for the State was uncontradicted, while disapproved, did not place an impermissible burden on defendant's Fifth Amendment right to remain silent.

APPEAL by defendant from *Braswell, Judge,* 14 May 1973 Session of Superior Court held in CUMBERLAND County.

Defendant was tried upon a bill of indictment charging breaking and entering, larceny, and receiving.

State's evidence tended to show that defendant and a companion, Fallow, entered the apartment of one George Webb, residing at 2310-B Murchison Road, Fayetteville, North Carolina, on 30 January 1973, without Webb's consent, and removed therefrom approximately $500.00 worth of stereo equipment and records. State's witness Clodfelter, a taxi driver, testified as to transporting defendant and Fallow to the residence, and driving them away when they had returned to the taxicab with the chattels.

Defendant offered no evidence.

Defendant was found guilty of breaking and entering, and larceny after the Court dismissed the charge as to receiving stolen goods.

*Attorney General Morgan, by Associate Attorney Maddox, for the State.*

*Kenneth A. Glusman, Assistant Public Defender, Twelfth District, for defendant-appellant.*

BROCK, Chief Judge.

Defendant contends that the trial court committed error in overruling defendant's objection to the District Attorney's argument to the jury that the evidence for the State was uncontradicted. Defendant contends that the District Attorney's argument placed an impermissible burden on the exercise by the defendant of his Fifth Amendment right to remain silent.

Defendant bases his contention upon *Griffin v. California,* 380 U.S. 609, 14 L.Ed. 2d 106, 85 S.Ct. 1229, which held that the Fifth Amendment, in its direct application to the Federal Government, and in its imposition on the States by the Fourteenth Amendment, forbids comment by the prosecution on the accused's silence. This right to silence has been exercised by defendants and protected by the courts of North Carolina for many years.

The problem is to determine whether the remark made by the solicitor was prejudicial so as to constitute reversible error and justify a new trial.

Defendant has cited an annotation in the American Law Reports 3d in support of his contention that it is improper for counsel to refer to accused's failure to testify. However, this same annotation states:

"Many cases support the conclusion that a bare statement to the effect that the prosecution's evidence generally, or that of a particular witness or witnesses, is uncontradicted or undenied, is, in the absence of additional facts or circumstances, not an improper reference to the accused's refusal to testify." Annot. 14 A.L.R. 3d 723, at 763 (1967).

"The control of the argument of the solicitor and counsel must be left largely to the discretion of the trial court, and an impropriety must be sufficiently grave to be prejudicial in order to entitle defendant to a new trial. It is only in extreme cases of abuse of the privilege of counsel, and when the trial court does not intervene or correct an impropriety, that a new trial may be allowed." 2 Strong, N. C. Index 2d, Criminal Law, § 102, p. 642.

In the case presently before us the following transpired:

"During argument for the state, counsel for the defendant objected to the following argument by the District Attorney: I think one thing you should consider when you go to make up your verdict is that this evidence is not contradicted.

"COURT: In the absence of the jury before ruling, I would have counsel for the State to repeat on the record the immediate argument he was making to the jury before the objection.

"DISTRICT ATTORNEY GRANNIS: As best I can recall the statement I made to the jury in this case that in their determination of the guilt or innocence of the defendant, that the evidence in this case was not contradicted by the defendant and I had previously been referring to the evidence immediately prior to that, as to what the evidence for the State had shown and I stated that the evidence was not contradicted.

"COURT: I recognize that this is a touchy area for comment, Gentlemen, but I was listening at the time Mr. Grannis did make his original remarks before the jury and I was listening at the time he repeated it for the record in the absence of the jury. In the particular language as used, I am not aware at this moment that he has transgressed the fine line. While the Court is also aware that the plea of not guilty challenges every phase of the evidence in the case.

"OBJECTION OVERRULED."

The trial judge carefully considered this statement in the light of the entire argument by the District Attorney and overruled defendant's objection. We disapprove of the comment by the District Attorney, but under the circumstances of the case, we feel that it was not prejudicial.

No error.

Judges PARKER and VAUGHN concur.