State v. Brandon

---

STATE OF NORTH CAROLINA v. JAMES KENNETH BRANDON

No. 7317SC748

(Filed 19 December 1973)

1. Criminal Law § 75— voluntary statement — admissibility

In a prosecution for driving under the influence, defendant's statement made after he agreed to take a breathalyzer test that, "What I have been taking won't show up anyway," was voluntary and not the result of any interrogation.

2. Criminal Law § 88— cross-examination — limitation proper

The trial court did not erroneously and prejudicially restrict defendant's right of cross-examination by sustaining the solicitor's objection to a question where the witness had previously testified that he did not know the answer to that question and where the record shows that he would have given the same testimony again if allowed to answer.

3. Constitutional Law § 33; Criminal Law § 102— solicitor's jury argument — no comment on defendant's failure to testify

Statements by the solicitor in his argument to the jury that he did not know what defendant "had been taking. It is not in evidence." and that "We have many facts and circumstances not contradicted so that we don't need the result of that test from the breathalyzer" did not constitute impermissible comments on defendant's failure to testify.

APPEAL by defendant from *Kivett, Judge,* June 1973 Criminal Session of Superior Court held in SURRY County.

Defendant was charged with driving an automobile upon a public highway while under the influence of intoxicating liquor. He pled not guilty. The State's evidence tended to show that at about 9:40 p.m. on 27 January 1973, Officers Shumate and Hall, in a patrol car on Highway 268, observed a vehicle drive by at high speed. The officers, alerted by the speed of the vehicle, followed for two miles on Highway 268, estimating the vehicle's speed at 70 miles per hour as it weaved back and forth across the center line, before stopping it. The defendant was found to be the driver and sole occupant of the car. Staggering and smelling of alcohol, he was arrested and taken to the county jail, where a breathalyzer test indicated a blood alcohol count of .10 percent. The defendant offered no evidence. Upon verdict of guilty, judgment was entered imposing sentence of four months imprisonment.

State v. Brandon

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*Franklin Smith and Fredrick Johnson for defendant appellant.*

PARKER, Judge.

[1] Defendant contends error in the failure of the trial court to strike Officer Hall's testimony that defendant, after agreeing to take a breathalyzer test, said, "What I have been taking won't show up anyway." Defendant, noting that the testimony of the two officers was in conflict as to whether defendant was warned of his rights before or after making this statement, argues that defendant's statement was an impermissible product of custodial interrogation and that *Miranda* applies. The record discloses, however, that when Officer Shumate asked defendant, after stopping him on the highway, if he wanted to take a breathalyzer test, defendant replied that he did and then gratuitously volunteered the comment above quoted. This and other evidence amply supports the trial court's determination upon voir dire that the defendant's statement "was freely and voluntarily and understandingly given without any attempt on the part of the officer to interrogate him," and was volunteered "and not in response to any interrogation." Under the circumstances of this case, the rules of *Miranda* have no application. This holding also disposes of defendant's contentions that admission of defendant's statement necessitated a mistrial and that the solicitor should not have referred to it during the State's closing argument to the jury.

[2] Defendant contends that the trial court erroneously and prejudicially restricted his right of cross-examination. This contention is without merit. During cross-examination of Officer Shumate, defendant's counsel asked, "Doesn't he [referring to the defendant] normally walk in a sort of loose nonchalant manner?" The court sustained the solicitor's objection to this question. In this we find no error, since the witness had previously testified that he did not know how defendant normally walked. In any event the defendant could have suffered no prejudice from the court's ruling, since the record shows that, had the solicitor's objection been overruled, the witness would have answered, "I don't know because I don't know him personally and don't know how he walks." If defendant was at-

tempting to explain his staggering on the night of the arrest as being chronic rather than alcohol-induced, clearly the excluded testimony would have been of no service.

Appellant's further contention that he suffered prejudicial error because he was not permitted to place the witness's answer in the record until after completion of the trial is also without merit. No sound reason has been advanced as to how the excluded testimony, had it been disclosed to defense counsel while the witness was still on the stand, could possibly have aided counsel in developing by further cross-examination any matter beneficial to the defense.

[3] Finally, defendant contends that the solicitor, in his argument to the jury, impermissibly commented on the defendant's failure to testify. Upon careful review of the solicitor's argument, however, we do not find either the direct or indirect references to the accused's silence as were condemned in *State v. Waddell,* 11 N.C. App. 577, 181 S.E. 2d 737. It was entirely legitimate for the solicitor to argue, as he did in the present case, that he did not know what defendant "had been taking. It is not in evidence." And it was also legitimate for him to argue that the State did not have to rely on the breathalyzer in this case. His further statement to the jury, "We have many facts and circumstances not contradicted so that we don't need the result of that test from the breathalyzer," was not, in our opinion and in view of the circumstances of this case, prejudicial. *State v. Morrison,* 19 N.C. App. 573, 199 S.E. 2d 500. The statements to which defendant now excepts did not, in our opinion, unduly call attention to defendant's failure to testify.

In defendant's trial and in the judgment rendered we find

No error.

Judges BRITT and VAUGHN concur.