State v. Glenn

STATE OF NORTH CAROLINA v. TYRONE GLENN AND MICHAEL EUGENE BARR

No. 7426SC752

(Filed 6 November 1974)

Criminal Law § 113— joint trial — instructions as to guilt or innocence of each defendant

Where defendants were charged in separate but identical bills of indictment and their cases were consolidated for trial, the trial court's instruction as to each defendant on the essential elements that the State had to prove beyond a reasonable doubt before the individual defendants could be found guilty was proper.

APPEAL by defendant Glenn from *Falls, Judge,* 13 May 1974 Session of Superior Court held in MECKLENBURG County. Heard in the Court of Appeals 15 October 1974.

This is a criminal action in which the defendants were charged in separate but identical bills of indictment with the offense of robbery with a firearm of Charles W. Miller in viola-

State v. Glenn

tion of G.S. 14-87. With the consent of the defendants the two cases were consolidated for trial. From a verdict of guilty as charged and the entry of judgment thereon, only defendant Glenn appealed.

*Attorney General Carson, by Assistant Attorney General Magner, for the State.*

*Alexander Copeland III for defendant appellant.*

MORRIS, Judge.

On appeal, defendant Glenn, the only appellant, contends that portions of the trial court's charge operated to deprive him of his right to have his individual guilt or innocence considered by the jury separate and apart from how the jury should find as to the other defendant. We disagree.

Our review of the record discloses that the trial court properly instructed the jury, as to each defendant, on the essential elements that the State had to prove beyond a reasonable doubt before the individual defendants could be found guilty. We find no merit in defendant's argument that in this case, the guilt or innocence of the two defendants was inexorably united by the opening and closing instructions of the court.

We recognize the principle that where two or more defendants, charged with the same offenses, are tried together, charges susceptible to the interpretation that a finding beyond reasonable doubt that either defendant committed the offense charged would demand a conviction as to all the defendants is reversible error. E.g., *State v. Waddell,* 11 N.C. App. 577, 181 S.E. 2d 737 (1971); *State v. Williford,* 275 N.C. 575, 169 S.E. 2d 851 (1969); *State v. Doss,* 5 N.C. App. 146, 167 S.E. 2d 830 (1969); *State v. Parrish,* 275 N.C. 69, 165 S.E. 2d 230 (1969); and cases cited therein. However, we do not find the charge in this case conveyed this idea to the jury. Without attempting to dissect each phrase of the charge challenged by the defendant, it is our opinion, and we so hold, that the charge here adequately apprised the jury of its responsibility as to each defendant separately. Defendant Glenn had a fair trial and his case was submitted to the jury under appropriate instructions upon applicable principles of law.

No error.

Judges HEDRICK and BALEY concur.