STATE OF NORTH CAROLINA v. JOHN MINOR

No. 7530SC539

(Filed 17 December 1975)

**1. Narcotics § 4— growing marijuana — sufficiency of evidence**

In a prosecution for possession of marijuana with intent to distribute and for manufacturing and growing marijuana, evidence was sufficient to be submitted to the jury where it tended to show that defendant was on the property where the marijuana was found growing on several occasions prior to and at or about the time such contraband was discovered, defendant participated in the development of a garden on the property and stayed in the house located there, personal property belonging to defendant was found in the house, fertilizer was found in the marijuana field and in the house, and when defendant was apprehended he was in a car with marijuana on the floor of the passenger compartment and marijuana and fertilizer in the trunk.

2. **Criminal Law § 113— instruction on circumstantial evidence — no error**

   The trial court's instruction on circumstantial evidence, though perhaps unclear, was not incorrect, and defendant is not entitled to a new trial.

3. **Criminal Law § 113— jury instructions — "defendants or either of them" — instructions proper**

   The trial court's use of the words "defendants or either of them" did not mislead the jury and cause them to believe that if they found one defendant guilty they could return a verdict of guilty as charged against both defendants, since the court repeatedly instructed the jury that there were two cases consolidated for trial, separate written issues were given to the jury as to each defendant, and the charge taken as a whole would lead the jury to believe that a verdict of guilty should be returned only against a defendant about whose guilt they did not have a reasonable doubt.

APPEAL by defendant from *Friday, Judge*. Judgment entered 24 July 1974 in Superior Court, CHEROKEE County. Heard in the Court of Appeals 14 October 1975.

Defendant was tried on indictments charging him with possession of a controlled substance marijuana, for the purpose of distribution, and with manufacturing and growing marijuana. The cases were consolidated for trial along with those of a codefendant, Ingram. Both defendants pleaded not guilty and were tried before a jury.

Evidence for the State tended to show that on or about 23 July 1973, an agent of the State Bureau of Investigation operating in Cherokee County, armed with a valid search warrant, went to a certain parcel of land located in that county, and made a search of the area. As a result of this search, the agent discovered a field of growing marijuana plants intermingled with corn. The quantity of marijuana was estimated to be between eight and nine hundred pounds. Upon further examination in and around a dilapidated and unoccupied dwelling house and out-buildings located on the premises, the agent found garden utensils, fertilizer, camping gear and items of personal property, which were either owned or used by the defendants, including property with the word "Minor" on it.

Thereafter, on the same day, the defendants were stopped on or near the entranceway to the marijuana field. A search of the automobile in which they were riding yielded a .22 rifle from under some spools of thread and papers in the back seat, and a .22 pistol, found in the glove compartment. The agent

found wilted or fairly fresh marijuana on the left rear floorboard and in the trunk of the automobile.

It was stipulated that defendant Ingram had rented the property in question to raise a garden crop for $25.00 and that defendant Minor had accompanied Ingram to the owner's residence when the agreement was made but had remained in the car. Other evidence was introduced which placed the defendants in the area of the illegal crop during the month of July, 1973. Neighbors said that defendants had told them that they were gardening on this particular parcel of land. At Ingram's request, one of the neighbors plowed and harrowed the land in the Spring of 1973.

The defendants' evidence tended to show the following:

Two fields were plowed. The neighbor who did the plowing told Ingram that the field where the marijuana was later found was too rough to plow and, in any event, was a bad spot for a garden. Ingram responded that he did not intend to use that spot himself but that the neighbor should do the best he could. The neighbor also testified that there were at least three ways to get to the field, only one of which was visible from the road.

Defendants, who lived in Chattanooga, Tennessee, and several family members had discussed the possibility of raising a garden to off-set the high price of food. They all liked this particular area. Ingram formerly resided there and had relatives living in the area. One of the locations plowed was actually planted and work intermittently, but only for a short while. Both defendants denied having planted anything in the field where the marijuana was discovered, and worked only sparingly on the other plot before the weeds took over and the project was all but abandoned.

Defendant Minor apparently came to the Cherokee County location from Chattanooga five or six times. After interest in the garden was substantially lost, camping and fishing were his only activities in the area.

Minor's mother, sister and nephew gave evidence tending to corroborate Minor's testimony. It was stipulated that defendants had witnesses who would testify that both defendants had good character and reputations. The record discloses that both

defendants were found guilty as charged. Minor's appeal was not docketed in time and we allowed certiorari.

*Attorney General Edmisten, by Associate Attorney Robert R. Reilly, for the State.*

*Ronald W. Howell, for defendant appellant.*

VAUGHN, Judge.

Initially, defendant contends that the trial court erred in failing to quash the indictment or arrest the judgment since the bill of indictment returned against the defendant did not indicate that any witness was sworn by the grand jury foreman or testified. There is a presumption of validity of the indictment arising from its return by the grand jury as a true bill. There is no evidence to rebut the presumption and the assignment of error is overruled. *State v. Smith,* 261 N.C. 613, 135 S.E. 2d 571; *State v. Lancaster,* 210 N.C. 584, 187 S.E. 802.

Defendant's assignments of error based on the alleged illegality of the search of the premises and the automobile are without merit and are overruled.

Defendant contends that the trial court committed error in failing to allow him motion for nonsuit.

On motion to nonsuit, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference that might be drawn therefrom, and nonsuit should be denied where there is sufficient evidence, direct, circumstantial, or both, from which the jury could find that the offense charged has been committed and that defendant committed it. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469. When a motion for nonsuit questions the sufficiency of circumstantial evidence, the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779.

[1] The evidence was sufficient to take the case to the jury. There is substantial evidence of defendant's knowledge and power to control the contraband. The evidence is that the defendant was on the property (where some eight to nine hundred pounds of marijuana was found growing) on several occasions both prior to and at or about the time such contraband was

---

State v. Minor

---

discovered. There is evidence that he participated in the development of a garden on the property and stayed in the house located there. Personal property belonging to him was found in the house. Fertilizer was found in the marijuana field and in the house. When defendant was apprehended he was in a car with marijuana on the floor of the passenger compartment and marijuana and fertilizer in the trunk.

This evidence and the other evidence developed at trial are sufficient to withstand the defendant's motion for nonsuit.

[2]   Defendant next contends that error was committed by giving conflicting instructions with respect to the use of circumstantial evidence. At one point, the trial judge charged as follows:

> "Now each and every element of the offense charged, or any lesser included offense thereof, must be proven beyond a reasonable doubt, but it is not necessary that every circumstance relied upon for conviction be established by that high standard of proof. It is enough, if, upon the whole of the evidence, the jury is satisfied beyond a reasonable doubt of the defendants' guilt."

Shortly thereafter, the judge instructed:

> "Furthermore, before any circumstances, upon which the State relies, may be considered by you as tending to prove the defendants' guilt, the State must prove that circumstance beyond a reasonable doubt."

The defendant contends that the first charge is an incorrect charge on circumstantial evidence while the second one is a correct charge, and by authority of *State v. Parrish,* 275 N.C. 69, 165 S.E. 2d 230, a new trial must be had. The State argues that while "unclear," the first instruction is not on how the jury should consider circumstantial evidence and that the jury was properly instructed on how they should consider that evidence by the second instruction.

From our examination of the complete charge, we find that while some might find the first instruction "unclear" it is not "incorrect." We understand the trial court to say that while the essential elements of the offense must be proven beyond a reasonable doubt, it is not necessary for the State to prove every circumstance it attempts to prove but that the State must prove enough circumstances to satisfy the jury be-

yond a reasonable doubt that defendant is guilty of every element of the offense with which he is charged. We find no error prejudicial to defendant in the instruction.

[3] Defendant contends that the most "blatant error in the entire trial was the continued use of the court's terminology 'the defendants or either of them'." In short, defendant's contention is that the jury could have understood the judge to mean that if they found one defendant guilty they could return a verdict of guilty as charged against both defendants. Defendant cites numerous cases from the Supreme Court and from this Court where new trials were found to be necessary because of the confusing and ambiguous use of the words "defendants or either of them." For example, *State v. Parrish*, 275 N.C. 69, 165 S.E. 2d 230; *State v. Williford*, 275 N.C. 575, 169 S.E. 2d 851; *State v. Waddell*, 11 N.C. App. 577, 181 S.E. 2d 737.

The appellate courts have repeatedly directed attention "to the desirability for the trial judge in criminal cases with multiple defendants to instruct the jury separately as to each defendant on each count submitted as to each defendant in the final mandate to the jury." *State v. Waddell, supra*, p. 580.

Nevertheless, the entire record must be considered and the charge considered contextually in considering whether there has been error at trial that could have affected the outcome of the trial.

Here the judge expressly told the jury:

"Now, Ladies and Gentlemen, bear in mind, at all times, that the cases have been consolidated for trial here. These are two separate cases, and they have been consolidated for trial.

Now the Court instructs you, that you may find the defendants guilty as charged, or you may find them not guilty, or you may find one guilty and the other not guilty on one issue, or guilty or not guilty on the other, as you find the truth to be, you being the jury in this action."

Later in the charge the judge instructed the jury:

"Your careful attention is invited to the fact that there are two cases consolidated for trial here. You should keep in mind, at all times, that these are separate cases, and that

the State has the burden of proving each defendant guilty beyond a reasonable doubt."

Moreover, separate written issues were given to the jury as to each defendant.

When the entire charge is considered in light of the evidence presented at trial, we believe the jury clearly understood the charge to mean that a verdict of guilty should be returned only against a defendant about whose guilt they did not have a reasonable doubt.

We have considered defendant's remaining assignments of error and find no prejudicial error in defendant's trial.

No error.

Judges BRITT and ARNOLD concur.