STATE OF NORTH CAROLINA v. DALE MILLSAPS

No. 7530SC986

(Filed 7 April 1976)

**Burglary and Unlawful Breakings § 5; Larceny § 7— breaking and entering motor vehicle — larceny therefrom — insufficiency of evidence**

In a prosecution for breaking and entering a motor vehicle and larceny, evidence that defendant was present in the vehicle containing stolen items and with individuals who had attempted to negotiate stolen traveler's checks, without any evidence that any of the stolen items were under the actual control of defendant, was insufficient to carry the question of defendant's guilt to the jury.

APPEAL by defendant from *Small, Judge.* Judgment entered 6 September 1975 in Superior Court, GRAHAM County. Heard in the Court of Appeals 17 March 1976.

Defendant was indicted upon charges of breaking and entering a motor vehicle and of larceny. He entered a plea of not guilty.

The State presented evidence that on 7 August 1975 between the hours of 10:15 a.m. and 5:00 p.m. the camper-van of Frank Morrison was broken into at a campground in Graham County. Among items missing from the van were two cameras, two binoculars, a pellet pistol, a razor, a camplight, $800.00 in Travelers' checks, and $30.00. Defendant, along with three co-defendants traveling in a white 1962 Chevrolet station wagon, was placed under arrest for public drunkenness. He was not driving the vehicle but was a passenger sitting on the left rear side. At the time of the arrest, several of the stolen items were

State v. Millsaps

found in the car. Co-defendant Phillips was carrying a $50.00 American Express Traveler's Check. Defendant had $43.27 in his possession, among which was three or four pieces of Canadian money. The State presented witnesses who testified as to the attempted negotiation or negotiation of Morrison's traveler's checks by co-defendants Carver, Phillips, and Pressley on 7 August 1975.

Defendant presented no evidence. At the close of the State's evidence, defendant moved for a dismissal, which motion was denied.

From a verdict of guilty as charged, defendant appealed.

*Attorney General Edmisten by Associate Attorney Elisha H. Bunting, Jr. for the State.*

*McKeever, Edwards, Davis and Hays by Fred H. Moody, Jr. for defendant appellant.*

PARKER, Judge.

Defendant presents one assignment of error, that the judge should have allowed his motion for nonsuit at the close of the evidence. This case is controlled by the decision in *State v. Hopson,* 266 N.C. 643, 146 S.E. 2d 642 (1966), in which the defendant was tried for breaking and entering and larceny, having been identified by police officers as a passenger in a vehicle which was seen near the site of the crime on the night of its commission and in which was found the stolen property. The court reversed the decision of the trial court, holding in a *per curiam* opinion at page 644 that "[a]ppellant was neither the owner nor the driver of the Ford in which the stolen articles were found. Evidence is lacking that he was in possession of the stolen articles. . . . [T]he evidence does no more than raise a suspicion of appellant's guilt and is insufficient in law to support a guilty verdict." See also, *State v. Ferguson,* 238 N.C. 656, 78 S.E. 2d 911 (1953) ; *State v. Godwin* 269 N.C. 263, 152 S.E. 2d 152 (1966). Although the State's evidence in the present case did show that the victim of the crimes was a Canadian, that various pieces of change were stolen from his camper, and that defendant had in his possession several Canadian coins when he was arrested, the State failed to show that Canadian coins were included among the pieces of change stolen from the camper and the coins found in defendant's possession were never identified as belonging to the victim. We find the State's evi-

dence that defendant was present in the vehicle containing stolen items and with individuals who had attempted to negotiate stolen traveler's checks, without any evidence that any of the stolen items were under the actual control of defendant, to be insufficient to carry the question of defendant's guilt to the jury.

The judgment appealed from is

Reversed.

Judges BRITT and CLARK concur.