STATE OF NORTH CAROLINA v. EDWIN LaVERNE ELLIOTT

No. 8327SC2

(Filed 18 October 1983)

**1. Criminal Law § 128.2— improper question—error cured by court's instructions**

There was no basis for defendant's argument that the trial court grossly abused its discretion by disallowing a mistrial upon the district attorney asking defendant: "Is that because you know Mr. Cooke (defense counsel) won't let you?" after defendant had testified that he had agreed to take a polygraph test and was still willing to do so. Any possibility of error was sufficiently removed where the court properly sustained defendant's objection to the improper question and gave specific instructions to the jury not to consider it.

**2. Criminal Law § 128.2— improper and prejudicial act by district attorney—mistrial improperly denied**

After defendant had stated that he did know a young girl and had given her guitar lessons, it was highly improper and prejudicial for the district attorney to motion to the young girl to stand up in the courtroom and ask defendant, "And is it not true that at the conclusion of numerous of these guitar lessons, you would unzip her jeans and pull down her pants and proceed to stare at her?" The only conceivable purpose of having the young girl stand in the courtroom was to inflame the jury, and the trial court should have granted defendant's motion for a mistrial.

APPEAL by defendant from *Owens, Judge.* Judgments entered 8 June 1982 in Superior Court, GASTON County. Heard in the Court of Appeals 22 September 1983.

Defendant was indicted on charges of first degree kidnapping and attempted first degree sexual offense. He was convicted of these crimes and now appeals from the imposition of consecutive prison sentences.

The State's evidence tends to show that on the evening of 22 December 1981, the prosecuting witness was at Eastridge Mall in Gastonia, North Carolina. She left the mall around 9:00 p.m. and walked to her car. Defendant grabbed her, placed a knife to her throat, and told the prosecuting witness that he had just committed robbery and needed a ride. Defendant ordered her to drive him to the Coachman's Inn, which was 1.4 miles from the mall. When the two reached the Inn, defendant ordered the prosecuting witness to park her car. He then indicated that he was going "to eat" her and asked if she wanted it "dead or alive." Defendant told her to disrobe and threatened to kill her. After the

prosecuting witness had partially disrobed, she attempted to open the car door. Defendant grabbed her, and the prosecuting witness was cut on the hand as the two struggled. She returned to the back seat of the car after the defendant threatened to kill her if she tried to escape again. The prosecuting witness was able to divert defendant's attention, and ran to the office of the Coachman's Inn. The desk clerk called the police.

After the prosecuting witness gave the police a description of her assailant, defendant was notified that he was a suspect. Defendant voluntarily went to the police station and agreed to be fingerprinted and photographed. On 6 February 1982 the prosecuting witness was shown eight photographs. She selected defendant's photograph from this lineup.

The defendant and other witnesses presented evidence tending to show that on 22 December 1981, defendant was at Honey's Restaurant in Gastonia from 8:45 p.m. until a few minutes after 9:00 p.m. Defendant then picked his wife up at Gaston College around 9:30 p.m. Defendant presented further evidence which refuted the State's evidence regarding defendant's appearance on the evening of 22 December 1981. Numerous witnesses also testified of defendant's good character and reputation.

*Attorney General Edmisten, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Gray & Stroud, by Jay Stroud, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant's first two assignments of error are based upon the trial court's denials of motions for mistrial. On cross-examination, defendant testified that he had agreed to take a polygraph test and was still willing to do so. The district attorney then asked the following question: "Is that because you know Mr. Cooke (defense counsel) won't let you?" Defendant objected and moved to strike the question as being highly improper. The court properly sustained the objection, allowed the motion to strike and instructed the jury not to consider the question. The court, however, denied defendant's motion for mistrial.

"A mistrial is appropriate only for serious improprieties which render impossible a fair and impartial verdict under the

law." *State v. Chapman*, 294 N.C. 407, 417-18, 241 S.E. 2d 667, 674 (1978). Rulings on motions for mistrial are not reviewable unless there is a showing of gross abuse of discretion. *State v. Daye*, 281 N.C. 592, 189 S.E. 2d 481 (1972). We find no basis for defendant's argument that the trial court grossly abused its discretion by disallowing a mistrial. The court promptly sustained defendant's objection to the improper question and gave specific instructions to the jury not to consider it. Any possibility of error was sufficiently removed. *See State v. Self*, 280 N.C. 665, 187 S.E. 2d 93 (1972).

[2] Defendant next assigns error to the court's denial of his motion for mistrial made after the following proceedings:

Q. Mr. Elliott, did you say you knew Candice Wright?

A. Yes, I did.

Q. Gave her guitar lessons?

A. Yes, I did.

Q. Lessons started in October, 1980. Is that correct?

A. Yes, I did.

Prosecutor Langson then motioned to Candice Wright to stand up and asked her to stand up, whereupon Candice Wright stood up.

Q. And is it not true that at the conclusion of numerous of these guitar lessons, you would unzip her jeans and pull down her pants and proceed to stare at her?

MR. COOKE: OBJECTION. MOVE TO STRIKE that question.

COURT: OVERRULED.

MR. COOKE: MOVE for a mistrial.

COURT: DENIED.

Defendant contends that by motioning to and asking young Candice Wright to stand in the courtroom, the district attorney committed a highly improper and prejudicial act. It is difficult to disagree with defendant's conclusion. Defendant had stated that he did know Candice Wright and had given her guitar lessons. It

was improper for the district attorney then to have her stand before the jury.

In *State v. Lynch,* 300 N.C. 534, 268 S.E. 2d 161 (1980), a defendant who had been charged with rape was asked if he recognized anyone on a particular row of seats in the courtroom, and the defendant replied that he did not know anyone "but the Ledfords." The district attorney then had a woman on that row stand and asked the defendant if he had raped the woman on the front row with the black blouse. On appeal, the court found that there was no error "because she was asked to stand only after defendant stated that he didn't know anyone on that row 'but the Ledfords.'" 300 N.C. at 545, 268 S.E. 2d at 168. The purpose of asking the woman to stand was to determine whether the defendant could recognize her after stating that he did not. *Id.*

The facts at hand differ. Defendant had answered that he *did* know Candice Wright and had given her guitar lessons. There was no need to refresh his memory. The only conceivable purpose of having the young girl stand in the courtroom was to inflame the jury.

Moreover, adding to his impropriety, during his closing argument to the jury, in referring to defendant's alleged misconduct with Candice Wright and another female who was also present in the courtroom during the trial, the district attorney stated, "Ladies and gentlemen, I submit that you know that I didn't corral two people . . ." before defendant objected. The trial judge sustained defendant's objection and instructed the jury not to consider "the remarks of counsel concerning the going out and corraling the witnesses."

We recognize the principle that "[t]he control of the argument of the solicitor and counsel must be left largely to the discretion of the trial court, and an impropriety must be sufficiently grave to be prejudicial in order to entitle defendant to a new trial." *State v. Morrison,* 19 N.C. App. 573, 574, 199 S.E. 2d 500, 501, *cert. denied,* 284 N.C. 257, 200 S.E. 2d 657 (1973).

It is clear, however, that the remarks by the district attorney were unfairly prejudicial to the defendant. The judge's attempt to cure was insufficient. The damage already was done. *See State v. Eagle,* 233 N.C. 218, 63 S.E. 2d 170 (1951). Fairness demands that defendant be given a new trial.

New trial.

Judges WELLS and EAGLES concur.